Barnes v. Red Willow County.

---

C. W. BARNES ET AL., ADMINISTRATORS, v. RED WILLOW COUNTY.

FILED SEPTEMBER 18, 1901. No. 9,962.

1. **County Treasurer: EXCESS OF FEES: SALARY OF DEPUTY AND ASSISTANTS.** A county treasurer is not liable to the county for any fees earned and collected by him unless such fees in any one year exceed the compensation allowed the officer by law, together with the amount paid out by him as salary of deputy and assistants.

2. ———: ———: ———: UNEXPIRED TERM. When a county treasurer dies and a successor is appointed, who serves for the unexpired portion of the year, the amount of fees to be retained by both can not exceed in the aggregate the sum fixed by statute as compensation for one year, plus the amount expended for a deputy and clerk hire.

ERROR from the district court for Red Willow county. Tried below before NORRIS, J. *Reversed.*

*Halleck F. Rose* and *J. E. Kelley,* for plaintiff in error.

*Harlow W. Keyes, contra.*

NORVAL, C. J.

Albert H. Barnes, at the general election held in November, 1893, was elected county treasurer of Red Willow county for the term of two years commencing on January 4, 1894. He duly qualified, entered upon and discharged the duties of said office from said last named date until March 24, 1894, when he died, and his successor was appointed. Barnes earned as fees on moneys collected by him while in office $915.14. He was allowed a deputy at a salary of $700 per annum. Out of said fees he paid his deputy as compensation for his services $175 and retained the balance, $740.14. Letters of administration were granted upon the estate of said Barnes, and Red Willow county filed a claim against said estate for the sum of $240.14, on account of moneys retained by Barnes as fees in excess of the amount allowed by law. That claim was disallowed by the county court, an appeal was prosecuted by the county to the district court, where the county filed a petition to which a general demurrer was interposed. The demurrer was overruled and judgment was rendered in favor of the county for the amount of the claim. The petition contains no averment of the amount of fees the office of county treasurer earned by Barnes and his successor for the year 1894 nor any statements of facts showing that the fees collected by both aggregated more than $2,000 for the year 1894. For the lack of these averments it is argued that the petition is fatally defective and fails to state a cause of action in favor of the county.

Section 20, chapter 28, Compiled Statutes, 1893, follows: "Each county treasurer shall receive for his services the following fees: On all moneys collected by him for each fiscal year, under three thousand dollars, ten per cent. For all sums over three thousand dollars and under five thousand dollars, four per cent. On all sums over five thousand dollars, two per cent. On all sums collected, percentage shall be allowed but once; and in computing the amount collected, for the purpose of charging percent-

age, all sums, from whatever fund-derived, shall be included together, except the school fund. For going to the seat of government to settle with the state treasurer, and returning therefrom, a traveling fee of ten cents per mile, to be paid out of the state treasury. The treasurer shall be paid in the same pro rata from respective funds collected by him, whether the same be in money, state or county warrants. On school moneys by him collected, he shall receive a commission of but one per cent., and in all cases where persons outside of the state apply to the treasurer by letter to pay taxes, the treasurer is authorized to charge a fee of one dollar for each tax receipt by him sent to such person."

The provisions of the foregoing section are clear and free from any ambiguity. They fix the fees or compensation of the county treasurer. If the section stood alone upon the statute book, there could be no room to doubt that a county treasurer would be entitled to retain and keep as his own all fees by him earned. But said section 20 is to be construed in the light of section 42 of said chapter 28. It provides "that every * * * county treasurer * * * whose fees shall in the aggregate exceed the sum of * * * two thousand ($2,000) dollars * * * per annum, shall pay such excess into the treasury of the county in which they hold their respective offices. * * * And provided further, That if the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officers may retain an amount necessary to pay for such assistants or deputies, not exceeding the sum of seven hundred ($700) dollars per year for each of such deputies or assistants, except in counties having over seventy thousand (70,000) inhabitants, in which case such officer may retain such amount as may be necessary to pay the salaries of such deputies or assistants as the same shall be fixed by the board; but in no instance shall such officers receive more than the fees by them respectively and actually collected," etc.

Barnes v. Red Willow County.

The section just quoted is too plain to require judicial interpretation. It allows a county treasurer of a county containing the population of Red Willow county to retain as his own all fees collected in any one year to the amount of $2,000, and in addition a sum sufficient to pay the salaries of his deputies and clerks as provided by statute, and only the fees in excess thereof is he required to turn into the county treasury, and such excess belongs to the county. If the fees earned by the officers do not aggregate per annum the sum of $2,000, then no part thereof is required to be paid to the county. Argument can not make this plainer. The petition shows that the county board of Red Willow county allowed the county treasurer for the year 1894, one deputy with a salary of $700 per annum. So that Mr. Barnes and his successor in office were entitled to retain as a compensation for their services $2,000, and the additional sum of $700 as salary of deputy. There is no allegation in the petition that the fees earned by Mr. Barnes, together with those earned by his successor, exceeded the sum of $2,000, much less the sum of $2,700. As it is not disclosed by the petition that the fees of Mr. Barnes, added to those earned by his successor for the unexpired portion of the year 1894, did not exceed the sum of $2,700, no right is created by statute in favor of Red Willow county on account of the fees collected and retained by Mr. Barnes. For the reasons stated the petition fails to state a cause of action. The judgment is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

SULLIVAN, J., absent, not voting.