WIRT ADAMS, STATE REVENUE AGENT, v. THOMAS M. COKER,
ADMINISTRATOR, ET AL.

1. COUNTY TREASURERS. *Failure to report.*   *Code* 1892, § 902.

   A county treasurer is not liable to the penalty for failure to make
   reports to the board of supervisors, as required by Code 1892,
   § 902, where the failure was not caused by an unwillingness or
   default on his part, but resulted from a request by the members
   of the board to postpone the making of them.

2. SAME.   *Commissions.*   *Code* 1892, § 2016.   *Political year.*

   A county treasurer's commissions should be estimated on the
   basis of the political year, beginning the first of January and
   ending the thirty-first of December, and not on the basis of the
   fiscal year, beginning the first of October and ending the thirti-
   eth of September.

FROM the chancery court of Union county.

HON. HENRY L. MULDROW, Chancellor.

Adams, state revenue agent, the appellant, a state officer
authorized by law (Laws 1894, p. 29) to sue for and recover
all sums due the state, counties, etc., from defaulting officers,
taxpayers, etc., was complainant, and Coker, administrator, and
others, the appellees, were defendants in the court below. From
a decree largely in favor of the defendants the complainant ap-
pealed to the supreme court.

Smallwood was county treasurer of Union county, Miss. He
died, and Coker, the appellee, qualified as the administrator
of his estate. The other appellees were the sureties on Small-
wood's official bond. This is a suit in chancery brought by
appellant against appellees to recover the sum of $315.91,
alleged to have been misapplied by Smallwood; also the sum
of $250 as the penalty prescribed by Code 1892, § 902, for
failing to make the report required by law to the board of super-
visors of the money received by him as treasurer and the dis-
bursements, at the meeting of said board in January, 1893. As

to the breach of the bond alleged, in not making the report to the board of supervisors at its January, 1893, meeting, it appeared that the board had a great deal of business at that meeting, and that one of the members of the board, at the request of the other members, requested Smallwood not to make the report, because the board would not have time to go over it; that Smallwood was ready and willing to make the report at all times, and only refrained from doing so at the informal request of the members of the board of supervisors. As to the $315.91 sued for, the chancellor, after hearing the evidence, found that to calculate the commissions of Smallwood, as county treasurer, from the first Monday in January, 1893, to the first Monday in January, 1894, he overdrew his commissions $315.91, but to calculate the commissions for the fiscal year beginning on the 1st day of October and ending on the 30th day of September for said years, he overdrew his commissions only 49 cents. The court below held that the law required the commissions to be calculated for the fiscal year, and rendered a decree for complainant for 49 cents and the statutory penalty of double damages thereon. The court also found that Smallwood did not make a report as county treasurer to the board of supervisors at its January, 1893, meeting, but held that he was not liable, under the facts of the case, for the penalty for not so doing.

*W. Lee Crum,* for appellant.

On the count for actual shortage it is the contention of the appellant that the commissions of a county treasurer under § 2016, Code 1892, are to be calculated on the funds received by him, except what he may receive from his predecessor in office, after he goes into office on the first Monday in January succeeding his election, and on such funds he is entitled to have allowed him by the board of supervisors of his county two and one-half per cent on the first twenty thousand dollars and one

per cent on the remainder, provided he shall not receive more in any political year than one thousand dollars.

By virtue of sec. 257 of the state constitution of Mississippi, a political year begins on the first Monday of January of each year. Sec. 3051, Code 1892, provides that a county treasurer's term of office begins on the first Monday in January succeeding his election, when elected at a regular term. Then Smallwood, who was elected in the fall of 1892, began his term of office on the first Monday in January, 1893.

Code 1892, § 2016, regulates and fixes the commissions to be allowed county treasurers, and the word "year" therein means a political year, and not a fiscal year. Under common usage and § 1521, Code 1892, the word "year" would mean a calendar year, if a contrary intention was not expressed; but a contrary intention is clearly expressed, for the term of Smallwood's office began the first Monday in January, 1893, and then it was that his commissions for that term began to accrue.

The fiscal year began October 1st, 1892, and to hold that a county treasurer, who is not inducted into his term of office until January thereafter, can calculate his commissions for that term of office from the beginning of the fiscal year, or from the first day of October prior thereto, is to hold that he shall receive commissions on money received from his predecessor, which is prohibited by law just cited, and appears absurd. Code 1892, § 1521, and sec. 257 of the state constitution seem to be in perfect accord; the latter defines and the former refers to a political year.

It plainly appears from the facts and the law that Smallwood had no legal excuse for not making his report, and if living himself would be clearly liable to pay the penalty. If liable in his life, the action survives against his estate. Code 1892, § 1916.

This failure was also a breach of his official duty, and a breach of his official bond, which provided that he "would faithfully perform all the duties of said office during his continuance

therein." The courts hold that this penalty is not to be held against the bondsmen, because it is designed as a punishment and should only go against the party who commits it and his privies in estate. But he, as principal on his said bond, which is put in suit here, was liable separately on his bond, which is both joint and several; and if liable in his life, his estate is now liable.

*Fontaine & Fontaine,* for appellees.

There was no error in the action of the court below in entering the final decree in this cause. The compensation of a county treasurer, as allowed by statute, is two and one-half per centum on all sums not exceeding two thousand dollars, but not to receive more than one thousand dollars for compensation. Code 1892, § 2016.

The treasurer's commission is paid out of the treasury, and is a part and parcel of the expense of government, and must be provided for by the board of supervisors in making levies for defraying expenses of government. All schemes of taxation are annual and prospective in their character. *Foote* v. *Brown,* 60 Miss., 160. And the board of supervisors, at its regular meeting in September of each year, shall levy the county taxes. Code 1892, § 314.

After the levy shall have been made and assessment approved, the clerk shall deliver to the tax collector a copy thereof on or before the first day of October, beginning of fiscal year. Code 1892, § 1394a.

The tax collector shall immediately proceed to collect the taxes, etc.; make report in writing on the first day of each month, or within ten days thereafter, to the clerk of the board of supervisors of all taxes collected by him during the preceding month, and at or within same time pay over all taxes collected to county treasurer. His final report and settlement for taxes of any fiscal year shall be made on or within ten days after the first day of September of the same year. Code 1892, § 3840.

The levy, collection of taxes, and payment to treasurer must be during and in the fiscal year to defray the expenses of government for that year, and the board of supervisors made settlement with the treasurer on that basis, which we contend is correct. It is shown from the reports of December, 1892, February, May, July, and October, 1893. The October settlement should be taken because it necessarily includes payments to treasurer from the collector on his September settlement, a total receipt of $26,403.98, and his entire commission on the amount is the sum of $564.04, after paying back the sum of $19.47, commissions overdrawn. The treasurer could have only gotten his commission for the year 1893 from this amount. The sum levied and collected for the expenses of government for one year cannot be applied to payment of indebtedness or commissions for another year. We are aware that the term "year" used in any statute means a calendar year unless the contrary intention is expressed. Code 1892, § 1521.

A fiscal year is meant, and by express statute it is declared. The taxes on which he receives his commissions are levied by the board of supervisors in September for the succeeding fiscal year, are to be collected, paid over to the treasurer, and final report to be made during the fiscal year, and commission is allowed the treasurer on no other amount. All matters of finance and expense of government are embraced in the fiscal year.

The penalty for failure to make report to board of supervisors in January, 1893, Code 1892, § 902, cannot be collected in this cause. It is conceded that the sureties on the official bond are not liable for the forfeiture or penalty declared by the statute, because it is in the nature of punishment to the officer and is additional to liability on official bond. *Lafayette County* v. *Hall,* 68 Miss., 719.

Because, being in the nature of a punishment to Smallwood, who died some time before the institution of this suit, it cannot be collected against his estate, the punishment does not follow

him into his grave. *Wagner* v. *Gibbs,* 80 Miss., 53. And a court of chancery will not enforce penalties except under very peculiar circumstances. *Railroad Com.* v. *Railroad Co.,* 78 Miss., 750.

The testimony shows that Smallwood was in no willful default in making his report; that he was ready and willing to make it, and only refrained from making it at the instance of the board of supervisors, which was pressed for time at that meeting of the board. While it is true that this evidence is not competent to establish any action of the board of supervisors—this can only be done by the record—yet it is competent to show that there was no disposition on the part of Smallwood to evade the statute, and that he did not willfully fail to make his report; and punishment is only to be inflicted for such willfulness, and no such proper case is made for the enforcement of the forfeiture or penalty in a court of equity.'

WHITFIELD, C. J., delivered the opinion of the court.

The court below erred in estimating the commissions of the treasurer on the basis of the fiscal year. They should have been estimated on the basis of the political year, from January to January. It is clear from the testimony that there was no willfulness on the part of the treasurer in not making his report, and, on the whole record, we do not think the penalty recoverable.

*Reversed and remanded.*