THOMAS F. DAVIS ET AL. v. WIRT ADAMS, STATE REVENUE AGENT.

[50 South. 568.]

1. COUNTY TREASURER. *Fees. Maximum compensation per year. Code 1892, § 2016. Two incumbents during same year.*

Where two persons held the office of county treasurer during the same year, one dying and the other succeeding him, the aggregate compensation of the two for the year cannot exceed one thousand dollars, under Code 1892, § 2016, fixing the fees of the office and providing that yearly compensation shall not exceed said sum.

2. SAME. *Misapplication of funds. Liability for penalty. Code 1892, § 907. Double recovery. Allowance by board of supervisors. Honesty of belief touching right to funds. Defenses.*

Under Code 1892, § 907, providing that if a county treasurer mis-

96 Miss.—12

apply money belonging to the county recovery on his bond of double the amount may be had, it is no defense to such a recovery:—

(*a*) That the money misapplied was retained and used by the approval of the board of supervisors, on the idea that it was due the officer as compensation for official services; nor

(*b*) That the officer honestly believed that he was entitled to retain the money as compensation.

FROM the chancery court of Yazoo county.

HON. G. GARLAND LYELL, Chancellor.

Adams, State Revenue Agent, appellee, was complainant in the court below; Davis and others, sureties on his official bond, were defendants there. From a final decree in complainant's favor defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Henry, Barbour & Henry,* for appellants.

When Code 1892, § 2016, providing compensation for county treasurers, is read in the light of Constitution 1890, sec. 103, to the effect that "the legislature shall provide suitable compensation for all officers," it seems apparent that under the facts of this case Davis was justly entitled to the full sum claimed by him as commissions and which was allowed by the board of supervisors. He went into office in November, 1903 (during tax collections and when the receipts of the office were larger than they had been since the 1st of March preceding); he gave bond in the full penalty required by law; he received large sums from his predecessor for the safe keeping and paying over of which he was bound; the collections which came to his hands in November and December were large. His predecessor had already received as compensation for the year $805.95, leaving, if appellee's contention be maintained, only $194.05, for Davis, a compensation wholly inadequate for the services rendered. His own collections entitled him, if our contention be correct, to $702.09, a compensation somewhat commensurate with his services. Remember, that the statute provides that "a county

treasurer," meaning necessarily one county treasurer, shall not receive exceeding $1,000 for services during a year. Suppose the predecessor, who went out of office November 1st, had received $999.95 as compensation, would the successor only be allowed 5 cents for his two months' services, although he had safely kept, paid out, and accounted for $1,000,000? This may be an extreme supposition, but it serves to illustrate the practical workings of the statute if the contention of the appellee be held to be correct. No man can afford to accept the office in case of vacancy under the conditions which existed in this case if the decree appealed from be affirmed.

While it is true that statutes giving compensation are strictly construed, still if services have been rendered by an officer, payment will not be refused on purely technical grounds, where the principles of justice and equity demand that payment be made. 23 Am. & Eng. Ency. of Law (2d ed.) 392; *In re Conrad,* 15 Fed. 641.

In any event, this is not a case for the infliction of a penalty. *Adams v. Coker,* 85 Miss. 222. Davis has not wasted, misapplied or embezzled any fund; he has only received such compensation as he honestly and truly believed he was justly entitled to receive, and this reception of it was approved by the board of supervisors.

*Mayes & Longstreet,* for appellee.

The board of supervisors has no power to enlarge the compensation allowed by law to county treasurers, and its order allowing Davis excessive fees is and was no excuse or justification to the officer for converting to his own use, and thereby misapplying, the funds of the county. *Howe v. State,* 53 Miss. 57.

If the statute, Code 1892, § 2016, means any thing, it means what its terms plainly and unmistakeably set forth, that not more than $1,000 shall be paid in one year for official services in connection with the office of county treasurer.

Public officers, entitled to fees and salaries fixed by law, take them *cum onere*. Throop on Public Officers, chap. 19 ; 2 Abbott on Municipal Corporations, 689 ; 29 Cyc. 1426 ; *Patty v. Sparkman,* 58 Miss. 76.

The actual facts of this case, or rather the same facts as between other parties, were presented and adjudicated in Nebraska, and it was there decided that "When a county treasurer dies and a successor is appointed who serves for the unexpired portion of the year, the amount of fees to be retained by both cannot exceed in the aggregate the sum fixed by statute as compensation for one year ;" and the statute of that state was in legal effect the same as our own. *Barnes v. Red Willow County* (Neb.), 87 N. W. 319.

Another case, squarely in point, is *Lemoine v. St. Louis,* 72 Mo. 404.

In considering Constitution 1890, sec 103, in connection with the statute, it must be remembered that courts never declare a statute void unless its invalidiny is beyond reasonable doubt; and narrow and technical interpretations are to be avoided.

But, conceding for argument's sake, that sec. 103 of the constitution is a mandate to provide suitable compensation for each and every officer, still compensation must come through legislative enactment. Until the legislature passes a law fixing compensation an officer can receive none. Davis was entitled to receive $195 for less than two months' service, or at the rate of $2,400 per year, which was fair compensation; he appropriated $702.09.

Davis' claim that he honestly believed that he was entitled to all the money misapplied by him, and its retention met the approval of the board of supervisors, is no defense. *Howe v. State, supra,* shows that the order of the board of supervisors cannot avail appellant, and it seems quite sure that a mistaken, although an honest, belief of right cannot do so, since Davis manifestly and unquestionably intentionally and wilfully retained the money and thereby misapplied it. The act was an intentional one. The definition of the words "misapply" and

"waste" as found in the dictionaries carries the point for appellee.

Argued orally by *Lamar Ross,* for appellee.

SMITH, J., delivered the opinion of the court.

In the latter part of the year 1903, W. R. McCutcheon, treasurer of Yazoo county, died, and on November 16th appellant, T. F. Davis, having duly qualified as his successor, assumed the duties of said office. In April, 1903, prior to his death, being entitled thereto, McCutcheon was allowed by the board of supervisors the sum of $805.95, commissions on moneys collected by him. Appellant claimed and was allowed by the board of supervisors the sum of $702.09 as commissions on moneys collected by him from November 6 to December 31, 1903, making a total of $1,508.04 received by McCutcheon and Davis as commissions on moneys collected by them during the year 1903.

Section 2016, Ann. Code 1892, provides: "The county treasurer shall be allowed two and one-half per centum on all money received by him for county purposes, except what he may receive from his predecessor in office; but when the amount on which he is entitled to commissions shall exceed twenty thousand dollars in any year, he shall be entitled to only one per centum on any such excess; but a county treasurer shall not receive more than one thousand dollars for his compensation."

Section 907, Ann. Code 1892, is as follows: "If any county treasurer shall misapply, waste, or embezzle any money belonging to the treasury of the county, the board of supervisors shall forthwith cause suit to be brought on his bond against such treasurer and his sureties for money so wasted, misapplied, or embezzled; and such suit shall be tried at the return term, and shall have precedence over all other cases; and judgment shall be entered therein for double the amount found to have been wasted, misapplied, or embezzled."

Claiming that appellant Davis had received and withheld the sum of $508.04 more than he was entitled to as commissions, and

refund thereof having been refused, this suit was instituted by appellee to recover the statutory penalty prescribed by section 907, Ann. Code 1892. From a decree directing appellant to pay to appellee the sum of $1,016.08, double the amount claimed to have been withheld and misapplied by said appellant, this appeal is taken.

The contention of appellants is that, when the office of county treasurer is filled by more than one incumbent during any one year, each incumbent may receive full commissions on money collected by him, even though the aggregate amount paid to all of them exceeds the amount of $1,000; that each successive incumbent may receive commissions on all money collected by him, not to exceed, in each instance, $1,000. This position is not tenable. Under the statute, the amount of commissions which can be allowed for handling the public money of a county cannot exceed $1,000 in any one year. In other words, for the services of a treasurer in receiving money for county purposes, there cannot be paid in any one year a greater sum than $1,000. *Barnes v. Red Willow County,* 62 Neb. 505, 87 N. W. 319. The statute is plain; but even if it were ambiguous, we must give it that construction most favorable in the state.

The fact that this excess in commissions was allowed appellant by the board of supervisors can afford him no relief; for the board's action was ministerial, and not judicial. *Howe v. State,* 53 Miss. 57. The case of *Adams v. Coker,* 85 Miss. 222, 37 South. 744, to which we have been cited by counsel, has no application here. Even if it should be held that the retention of this excess in commissions must have been willful before the penalty could attach, as to which we express no opinion, the act of appellant here was willful. However honest, and he undoubtedly was honest, in his intentions, he did the very thing which he intended to do, the doing of which is prohibited by the statute.

The decree of the court below is therefore correct, and is *affirmed.*