SPOONER R. HOWELL, APPELLANT, V. GILT EDGE MFG. CO. ET AL., APPELLEE.

[FILED SEPTEMBER 15, 1891.]

1. **Judgment by Confession.** Under secs. 433 and 436 of the Civil Code, judgments by confession can only be entered by the debtor personally with the assent of the creditor; or by an attorney who shall, at the time of making the confession, produce the warrant of attorney for making the same, the original or a copy to be filed with the clerk of the court in which judgment is entered.

2. ———. *Held,* That a sale upon execution issued on judgment confessed in a county court, not in compliance with the provisions of the statute, was void.

APPEAL from the district court for Platte county Heard below before POST, J.

*O. A. Abbott,* and *Sullivan & Reeder,* for plaintiff in error, cited; *White v. Crow,* 17 Fed. Rep. [Col.], 102; *Chamberlin v. Mining Co.,* 20 Mo., 96; *U. P. R. Co. v. McCarty,* 8 Kan., 126; *Gregory v. Ford,* 14 Cal., 144; *Dunn v. Haines,* 17 Neb., 563; *Crowell v. Galloway,* 3 Id., 220; *Warren v. Dick,* 17 Id.. 241; *Fee v. Iron Co.,* 13 O. St., 563; *Cohen v. Trowbridge,* 6 Kan., 385; *Burdett v. Corgan,* 26 Id., 102.

*M. Whitmoyer,* and *I. L. Albert, contra,* cited: *Spear v. Carter,* 1 Mich., 19; *Beach v. Botsford,* 40 Am. Dec. [Mich.], 45; *Reynolds v. Stansbury,* 20 O., 344; *Galpin v. Page,* 18 Wall. [U. S.], 350; *Palmer v. Oakley,* 2 Doug. [Mich.], 433; *Reed v. Reed,* 19 S. Car., 548; *Starr v. Hall,* 87 N. Car., 381; *Masterson v. Le Clair,* 4 Minn., 163; *Stocking v. Hanson,* 28 N. W. Rep. [Minn.], 507; *Brown v. McKay,* 16 Ind., 484; *Rice v. Hulbert,* 25 N. W. Rep. [Ia.], 897; *Wright v. Sweet,* 10 Neb., 190; *Mansfield v. Gregory,* 11 Id., 298; *Gregory v. Tingley,* 18 Id., 322.

COBB, CH. J.

This appeal was brought to reverse the final order of the district court of August 11, 1890, setting aside the sale to Leander Gerard, the purchaser of the north half of block 6, in Highland Park addition to the city of Columbus, levied upon and sold, on August 4, 1890, by the sheriff, under two executions at law issued out of said court upon two judgments for the sum of $700 each, in favor of Spooner R. Howell, plaintiff, against The Gilt Edge Manufacturing Company, defendant.

The Columbus State Bank and Leander Gerard appeared on August 8, and by their petitions to the court objected to the confirmation of the sale on the grounds:·

1. That the land was mortgaged to the bank to secure $4,303.71 April 21, 1890, recorded June 10 following, and due and unsatisfied.

2. That at the time of the levy of the executions, the judgment debtor owned personal property of the value of $1,500, then upon the premises, subject to levy and sale.

3. That the judgments were void, not having been rendered against a private corporation in accordance with law.

4. That C. A. Woosley, who confessed the judgments against the defendant corporation, was not such an authorized manager as to render his acts valid.

5. That there was no confession of indebtedness, or of judgment, upon which to render judgments by the court against the defendant corporation; that if the sale is confirmed, the proceeds would be applied on the judgments, and the bank would be deprived of its first mortgage lien.

The purchaser objected to the confirmation on the grounds that the court was without jurisdiction to render the judgments upon which the executions were issued and the sale to him made; that the prior incumbrance of the Columbus State Bank, of record in the county clerk's office, was er-

roneously omitted to be certified to the sheriff prior to the sale, and was not deducted from the appraised value of the property, and still constitutes a lien which, in the case of confirmation, he will be compelled to satisfy, in order to protect such title as he may take under the sale.

Upon the plaintiff's motion to confirm the sale, and upon the counter motion of the purchaser to vacate it, as well as upon the objections of the bank to the confirmation, there was a hearing upon evidence submitted to the court, and the court found for the purchaser upon the first objection offered, and against him on the second objection presented. The motion of the plaintiff was overruled, and the sale was vacated and set aside, and the purchaser released from the sale, and from his purchase of the real estate set forth. To all of which the plaintiff excepted.

It appears plainly that the court was well advised in overruling the motion to confirm this sale. If a purchaser can derive no title under a judicial sale he is entitled to be relieved of it, if the purchase be clouded with circumstances of legal misapprehension. It is certain that, if, as the court found, the judgments upon which the executions were issued were rendered without jurisdiction, and without due process of law, the sale under the writs was void, and the purchaser took no title to the property.

An examination of the record discloses that the plaintiff appeared in the county court, presented two petitions against the defendant, and asked for judgment. There was no process, but C. A. Woosley, as manager, entered an appearance, waived summons, and confessed judgment against the defendant for the amounts claimed. The defendant being a corporation, under the laws of this state, there could be no personal appearance for the confession of judgment.

The statutes provide that "Any person indebted, or against whom a cause of action exists, may personally appear    *    *    *    and, with the assent of the creditor *    *    *    confess judgment therefor." (Sec. 433, Civil Code.)

" Every attorney who shall confess judgment in any case shall, at the time of making such confession, produce the warrant of attorney for making the same to the court before which he makes the confession, and the original, or a copy of the warrant, shall be filed with the clerk of the court in which the judgment shall be entered." (Sec. 436, Civil Code).

The record fails to show that judgment was confessed by an authorized agent of the defendant, by an attorney in fact or by an attorney having any legal warrant for the procedure. It shows that no warrant of attorney, required by the statute, was produced; that the provisions of the statute were ignored, and the judgments rendered on the confession of a "general manager," without the authority required by law.

The court derived its jurisdiction to enter judgment wholly from the statute, and the confession of judgment, to possess judicial force, must show that the statute was complied with. Not having been complied with, the judgment is a nullity. The consent of a defendant would not render a void judgment valid. (40 Am. Decis., 45; 1 Mich., 19.)

The object of the statute prescribing the confession of judgments was undoubtedly to avoid the chance of fraud and to render certain the proceedings on which final process should issue. The statute should therefore be strictly construed and should be followed without any departure from its provisions. Such provisions differ in the various states. The argument of the counsel for the appellant, and the examples cited by him, can only serve as advice and precedents so far as such statutes agree with our own. And while it is admitted that judgments are not, as a rule, open to collateral attack, if merely voidable, we think a void proceeding, devoid of the forms of law, is subject to be set aside whenever the rights of parties require its true character to be shown.

The judgments, in this instance, are those of an inferior

court without the legal presumptions in its favor, and every fact essential to jurisdiction, ought to appear affirmatively of record. (20 O., 344; 18 Wall., 304; 2 Doug. [Mich.], 47.)

In the case of the *Sioux City & Pacific Ry. v. Washington County*, 3 Neb., 41, it was held that when the acts of officers who exercise judicial functions limited by statute are questioned, they must not only show that they acted within the authority granted, but it must also appear that they had jurisdiction. (5 Neb., 255; 7 Id., 28; 2 Wis., 144; 29 Id., 428.)

Counsel admits that the jurisdiction of the county does not affirmatively appear. For that reason the court in *Beach v. Botsford*, 40 Am. Dec. [Mich.], 45, said: " The justice derives his authority to enter judgment wholly from the statute, and the confession of judgment should show that the statute was complied with. It is not shown from the entry of the judgment that the confession was written and signed in the presence of the justice or of one or more competent witnesses. The statute not having been complied with, the judgment is a nullity."

This would seem to be the reason and the light of the law of the present case: that the judgments were void, not competent of final process for their collection, and that the sale on execution was properly set aside. The order of the district court is

AFFIRMED.

THE other judges concur.