HON. ROBERT RYAN, }
HON. JOHN M. RAGAN, } COMMISSIONERS.
HON. FRANK IRVINE, }

---

CHRIST MULLER v. G. W. PLUE ET AL.

FILED SEPTEMBER 17, 1895.   No. 6011.

1. **Justice of the Peace:** SERVICE OF SUMMONS: JUDGMENT.   In an action before a justice of the peace, where the defendant does not appear, the record must show that legal service of the summons was made, or the judgment will be void.

2. ———: SUMMONS: DOCKET ENTRY.   A justice of the peace must ᵔnter upon his docket the day and hour fixed in the summons for the time of trial, and the omission to do so is fatal, where there is no appearance of the defendant.

3. ———: ———: APPEARANCE OF PLAINTIFF.   Where the defendant fails to appear, the record must disclose that the plaintiff

(701)

appeared within one hour of the time named in the summons for appearance, or jurisdiction is lost.

4. **Replevin:** LIEN OF EXECUTION ON VOID JUDGMENT. In an action of replevin, where 'the defendant claims to hold the property by virtue of the levy of an execution regular on its face, the writ and levy thereunder will confer upon the officer no right to hold the property as against the owner, if the execution was issued upon a void judgment.

5. ———: ———. The second point of the syllabus in *Wilson v. Macklin*, 7 Neb., 50, overruled.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J.

The opinion contains a statement of the case.

*Grimes & Wilcox*, for plaintiff in error :

The record was insufficient to show a judgment. (*Gapen v. Bretternitz*, 31 Neb., 304; *Miller v. Burlington & M. R. R. Co.*, 7 Neb., 227.)

In cases before inferior courts the record must show that the court had jurisdiction. (*State v. Berry*, 12 Ia., 60; *Goodrich v. Brown*, 30 Ia., 291; *McCurdy v. Baughman*, 1 N. E. Rep. [O.], 93; *Hargis v. Morse*, 7 Kan., 415.)

Where defendant does not appear the record must show a legal service, or the judgment will be void. (*Repine v. McPherson*, 2 Kan., 340.)

Where there is no appearance of defendant the docket of a justice of the peace must affirmatively show that plaintiff appeared within one hour of the time named in the summons, or jurisdiction is lost. (*Mudge v. Yaples*, 25 N. W. Rep. [Mich.], 297; *Post v. Harper*, 28 N. W. Rep. [Mich.], 161.)

An officer claiming title to property under a process in his hands must show a valid unpaid judgment. (Wells, Replevin, sec. 30; *Beach v. Botsford*, 1 Doug. [Mich.], 199; *Adams v. Hubbard*, 30 Mich., 104.)

An execution regular on its face may protect an officer

against personal responsibility in serving it, but when he claims property under it he must show it was issued on a valid judgment. (*Gidday v. Witherspoon,* 35 Mich., 368.)

*T. Fulton Gantt* and *James M. Ray, contra:*

When jurisdiction appears, all matters relating to the form of procedure in justice courts should be construed with great liberality. (*Crook v. Hester,* 21 Neb., 369; *Degering v. Flick,* 14 Neb., 449; *Rawalt v. Brewer,* 16 Neb., 444.)

The judgment of a justice of the peace is as absolute between the parties as the judgment of the highest court and cannot be attacked collaterally. (*Hilton v. Bachman,* 24 Neb., 492; *Roberts v. Flanagan,* 21 Neb., 503; *Oakley v. Pegler,* 30 Neb., 628; *State v. Buffalo County,* 6 Neb., 454.)

Every presumption is in favor of the correctness of a judgment until the contrary affirmatively appears. (*Credit Foncier v. Rogers,* 10 Neb., 184; *Thesing v. School District,* 16 Neb., 134; *Hilton v. Bachman,* 24 Neb., 492.)

NORVAL, C. J.

This was a suit in replevin brought by the plaintiff in error in the county court of Lincoln county for the recovery of the possession of six head of cattle. From a judgment in favor of the defendants the plaintiff prosecuted an appeal to the district court, where, upon a trial to the court, judgment again went against him.

A reversal is sought on the ground that the findings and judgment are contrary to law and the evidence in the case. There is no controversy as to the facts. It was stipulated upon the trial that at the commencement of the action plaintiff was the owner of the cattle in dispute; that they were taken from his possession by the defendant M. L. Artlip by virtue of an execution issued by J. E. Cussins, a justice of the peace of Somerset precinct in said county, in a suit wherein the defendant in error herein, G. W. Plue,

was plaintiff and Christ Muller was defendant; that a demand for a return of property was made by plaintiff prior to the commencement of this suit. It is contended that the execution, under which the defendants attempted to justify, was not issued upon a valid judgment. The following is the record made by Justice Cussins, as appears by the docket introduced in evidence on the trial:

"Transcript of proceedings had before me, a justice of the peace of —— precinct, ——, in Lincoln county, in the state of Nebraska, in an action wherein —— was plaintiff, and —— bill of particulars —— was defendant.

"The plaintiff says there is due him from the defendant the sum of $37 for trespass and damage done by his stock on his farm. Summons issued April 27, 1891. Summons returned May 2, 1891. Case was called. Plaintiff appeared. Defendant did not appear. Witnesses, Alex. Green, G. W. Moore, Charles McDonal, H. C. Lord, D. McGahey, Ed. Changnon, and Mel Young.

"By request of G. W. Plue, plaintiff, judgment rendered on default May 2, 1891, for the plaintiff for the sum of $19 and all costs.

"May 18, 1891, execution issued and delivered to M. L. Artlip, special constable."

It will be observed that the docket of the justice fails to disclose the day and hour specified in the summons for the appearance of the defendant, nor does it appear that service of the writ was ever had upon him, nor, if made, that it was served at least three days before the time set for trial as required by statute. It is shown that Muller never appeared before the justice. Therefore it was necessary for the docket to show affirmatively that jurisdiction was acquired over his person by the service of process upon him within the time and in the mode prescribed by statute. In other words, it was indispensable that the docket, by a reasonable intendment, disclose the justice had jurisdiction of the person of the defendant. While it is true the docket entry

shows that the plaintiff appeared, the trial was had, and
judgment was rendered on the 2d day of May, 1891, yet it
is not shown that that was the day fixed for the return of
the summons; nor does the docket state at what hour the
plaintiff appeared and the case was called for trial.   By
section 916 of the Code the parties to a suit in justice
court are given one hour in which to appear, after the time
named in the summons for appearance; and unless the
plaintiff appears within the hour, jurisdiction is lost where
the defendant makes default.   So far as the justice's docket
discloses, the case may have been called and judgment ren-
dered before the hour mentioned in the summons, or several
hours thereafter.   The omission of the justice to state in
his docket the hour for the appearance of the defendant
and the time when the case was called for trial are jurisdic-
tional defects, and render the judgment void.  (*Mudge v.
Yaples*, 25 N. W. Rep. [Mich.], 297; *Post v. Harper*, 28
N. W. Rep. [Mich.], 161.)   The doctrine of presumptions
in favor of the regularity of the proceedings of courts of
general jurisdiction does not apply to courts of inferior
and limited jurisdiction, but as to such courts, the facts
necessary to give jurisdiction must fairly appear from the
record. (*State v. Berry*, 12 Ia., 60; *Goodrich v. Brown*, 30
Ia., 291; *McCurdy v. Baughman*, 1 N. E. Rep. [O.], 93;
*Repine v. McPherson*, 2 Kan., 340 ; *Hargis v. Morse*, 7
Kan., 415.)   It is a familiar rule that a personal judgment
without jurisdiction of the person of the defendant is void.
(Cases *supra*.)

There being no valid judgment, the next question pre-
sented is whether the execution and levy thereunder con-
ferred upon Artlip or the execution creditor any right or
authority to hold the property seized under the writ.   It
is a general rule, deducible from the authorities, that a
sheriff or constable is not required to look beyond the pro-
cess placed in his hands; and if it be regular on its face, and
issued by a court having jurisdiction of the subject-matter,

he will be protected in the execution of the process when proceeded against as a tort-feasor, even though the judgment may be void; but the rule is merely one of protection, and confers no right beyond that. Notwithstanding an execution fair and regular on its face is sufficient to protect the officer serving it from personal responsibility as a trespasser, yet the writ alone cannot confer any right of property; but where the officer claims property under it he must establish that the process was issued upon a valid, unpaid judgment. If the execution is issued upon a void judgment, a levy under the writ will confer upon the officer no right to hold the property as against the owner. (*Campbell v. Williams*, 39 Ia., 646; *Balm v. Nunn*, 19 N. W. Rep. [Ia.], 810; *Beach v. Botsford*, 1 Doug. [Mich.], 199; *Le Roy v. East Saginaw City R. Co.*, 18 Mich., 233; *Gidday v. Witherspoon*, 35 Mich., 368.)

In reaching this conclusion we have not overlooked the provisions of sections 182 and 1034 of the Code of Civil Procedure relating to affidavits for the replevin of property, and the decision of this court in the case of *Wilson v. Macklin*, 7 Neb., 50. Under the foregoing sections an order of replevin cannot be issued unless an affidavit of the plaintiff, his agent or attorney, is filed, setting up, among other things, that the property "was not taken in execution on any order or judgment against said plaintiff," etc. The purpose of the statute in requiring such an averment was to prevent one from replevying property which has been seized upon execution issued upon a valid judgment against him. Therefore the plaintiff is required to make oath that it has not been so taken before the writ can be obtained. In *Wilson v. Macklin, supra*, the replevin affidavit stated that the " goods and chattels were not taken in execution on any order or judgment against said plaintiff," but were taken by execution issued against plaintiff on a void judgment, and it was held that the affidavit was defective, and further that in that action the plaintiff could

not assail the validity of the judgment upon which the execution issued. This construction of the provisions of the Code is too literal. To construe the statute as prohibiting in all cases the replevin of property which has been levied upon by an officer under an execution would prevent a judgment debtor whose goods have been seized under such a writ from maintaining replevin therefor, although the judgment should be paid off after the levy is made, or the judgment should be reversed while his property remained in the officer's hands. The legislature never so intended, nor was it the design of the law-makers that the possession of property taken by virtue of an execution issued upon a void judgment could not be recovered by replevin. Without a valid judgment there can be no valid execution. *Adams v. Hubbard,* 30 Mich., 104, was replevin against an officer for property held by virtue of a levy upon an execution issued by a justice of the peace against the plaintiff in replevin. Evidence was introduced tending to prove that the judgment upon which the execution sued out was void. The circuit court directed a verdict for the defendant. Upon a review of the case the supreme court say: "This was erroneous. If the justice had acquired no jurisdiction there was no judgment, and the pretended execution was no execution within the meaning of the statute which prohibits a defendant in execution for bringing replevin for property taken upon it; and though, if regular upon its face, it would protect the officer when proceeded against as a wrong-doer, it cannot be made the basis of a claim of right to the property seized without proof of a valid judgment." To the same effect are *Campbell v. Williams, supra; Balm v. Nunn, supra;* Cobbey, Replevin, sec. 312; *White v. Jones,* 38 Ill., 159. It follows from what has been said the trial court should have determined that the plaintiff was entitled to the possession of the property in dispute. The conclusion reached makes it unnecessary to consider the question argued by counsel

whether Mr. Artlip was legally deputed by the justice to serve the execution. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.