## WILLIAM KUKER v. CAROLINE BEINDORFF.

FILED DECEMBER 4, 1901.    No. 10,730.

1. **Inferior Court: RECORD: JURISDICTION.** The records of inferior courts must affirmatively show that such courts have acted within the scope of their authority.

2. **Jurisdictional Facts: PRESUMPTION.** Jurisdictional facts will not be presumed in order to sustain the judgments of inferior courts, but when it appears that jurisdiction has once attached the presumption that the subsequent proceedings were regular will be indulged until the contrary is shown.

3. ——: ——: **ADJOURNMENT.** The statute not requiring a justice of the peace to enter upon his docket the hour when an order of adjournment is made, where jurisdiction has attached, it will be presumed that such order was made at the proper time.

4. **Transcript: BILL OF EXCEPTIONS: EVIDENCE ALIUNDE.** This court is not authorized to look beyond the transcript and bill of exceptions for evidence of what transpired at the trial.

5. **Attachment: RECORD: REVIEW.** An assignment of error that the justice failed to state in his docket that a writ of attachment was issued, presents no question for review where the record fails to disclose any order dissolving or sustaining the attachment.

6. **Bill of Particulars:** ENTRY ON DOCKET. The failure of the justice
   of the peace to enter the bill of particulars at large upon his
   docket is not prejudicial error.

ERROR from the district court for Douglas county. Tried
below before KEYSOR, J. *Affirmed.*

*John H. Grossmann* and *Arthur E. Baldwin,* for plain-
tiff in error.

*Joseph Crow* and *Van Etten & Rich, contra.*

SULLIVAN, J.

The action in which this proceeding had its origin, was
commenced before a justice of the peace and was aided by
attachment. The summons was made returnable Decem-
ber 31 at 9 A. M., and was duly served upon the defendant,
William Kuker, who appeared in the case only for the
purpose of challenging the jurisdiction of the court. On
the application of the plaintiff, Caroline Beindorff, the
trial was adjourned from December 31 to January 8 at
9 A. M. On the day last named, at 10 o'clock A. M.,
the defendant was defaulted and judgment rendered
against him for the amount claimed in the bill of partic-
ulars. This judgment having been affirmed by the district
court, the record is brought here for review.

The principal ground relied upon for a reversal is that
the record does not show that the plaintiff appeared before
the justice on December 31 at 9 A. M. or within one hour
thereafter. The transcript does show that the plain-
tiff appeared and obtained a continuance on Decem-
ber 31, but at what hour this was done is not
disclosed. We quite agree with counsel for defendant
that the hour at which plaintiff appeared and secured
the adjournment is of vital importance, but we can
not assent to the proposition that the justice, by
failing to formally note the hour, lost jurisdiction of the
case. It is true, of course, that the records of inferior
courts must affirmatively show that they acted within the

scope of their authority. Their judgments can not be supported by presuming the existence of jurisdictional facts. But, when it appears that jurisdiction has once attached, the presumption will be indulged that they proceeded regularly, unless the contrary is shown. *Smith v. Victorin*, 54 Minn., 338; *Goodwin v. Barnett*, 28 N. E. Rep. [Ind.], 115; *Jewett v. Sundback*, 5 S. Dak., 111; *Bacon v. Bassett*, 19 Wis., 54; *Driscoll v. Smith*, 59 Wis., 38; 1 Jones, Evidence, 31; 12 Am. & Eng. Ency. Law [1st ed.], 274. From the opinion in *Driscoll v. Smith, supra*, we make the following excerpt: "The summons was returnable February 25th, at one o'clock in the afternoon. The entry in the docket is 'February 25, 1881, case called,' etc. Section 3623, Revised Statutes, requires the justice to call the case for trial at the hour specified in the process. Section 3754, Revised Statutes, requires the justice to enter in his docket 'the time when the trial is had,' and 'when the parties appeared before him.' The statute does not require that the exact hour of calling the case should be entered on the docket. *Bacon v. Bassett, supra*. All reasonable presumptions must be indulged in, in favor of the proceedings, before even a justice's court, and the presumption is that the case was called at the hour named in the process, nothing appearing to the contrary, and the statute not requiring the hour of calling it to be entered in the docket. *Bacon v. Bassett, supra*, is directly in point." In the case under consideration the justice had acquired jurisdiction of the parties and the subject-matter. He had authority at 10 o'clock to entertain a motion to postpone the trial, and it will be presumed that he made the order of adjournment at that time. He was required by the statute (Code of Civil Procedure, sec. 1086) to enter upon his docket the fact that the trial was adjourned, "stating on whose application, whether on oath or consent, and to what time," but he was not required to state at what hour the order was made. To sustain defendant's contention upon this point would be to hold that the justice, after having ob-

tained jurisdiction, lost it by failing to enter on his docket a fact which the statute did not require him to enter there. The case of *Muller v. Plue*, 45 Nebr., 701, cited by counsel for defendant, was correctly decided, but the facts in that case were entirely different from those in the case at bar. In that case the justice never acquired jurisdiction, and consequently there could be no presumption in favor of the regularity of his proceedings. In this case jurisdiction attached and every jurisdictional fact is evidenced by the record. The justice had, therefore, authority to render judgment on the merits, and there is nothing to indicate that such judgment is erroneous.

It is said that the justice delegated his judicial powers and that judgment was not rendered at the time required by the statute; but nothing of this kind appears in the record, and we are not authorized to look elsewhere for evidence of what transpired at the trial.

There is no merit in the assignment of error grounded on the failure of the justice to state in his docket that a writ of attachment was issued. It appears from the officer's return that a writ was issued and levied upon defendant's property, but we find no order in the record either dissolving or sustaining the attachment. In fact, excepting the order of adjournment, the justice made no interlocutory order which the defendant is entitled to have reviewed.

The failure to enter the bill of particulars at large upon the docket is complained of, but we can not conceive how the omission, if it were error, could prejudicially affect defendant's rights.

It is said that the record does not show that the note in suit had matured when the action was commenced, but the bill of particulars stated that the amount claimed was due, and we suppose the statement was sustained by the proof.

Complaint is made because the district court did not consider defendant's objections to the jurisdiction of the justice of the peace. These objections are in the record, but, after examining them, we are persuaded that they con-

tain nothing which could have rightfully influenced the district court or induced it to alter its decision. The judgment is

AFFIRMED.