STATE, EX REL. MICHEL A. HARTIGAN ET AL., APPELLANTS,
v. JOHN H. UERLING, APPELLEE.

FILED DECEMBER 4, 1913. No. 17,447.

1. Counties and County Officers: REGISTER OF DEEDS: ACCOUNTING.
   As soon as the register of deeds makes, and the county board
   approves, his annual accounting, it is his duty to turn over to
   the county treasurer all·fees in excess of statutory compensation
   for official services.

2. ———: ———: ———: MANDAMUS. Where the annual accounting
   between the county board and register of deeds has been duly
   made and approved, the latter may be required by mandamus to
   turn over to the county treasurer all fees in excess of statutory
   compensation for official services.

APPEAL from the district court for Adams county:
HARRY S. DUNGAN, JUDGE. *Reversed with directions.*

*M. A. Hartigan,* for appellants.

*Tibbets, Morey & Fuller,* contra.

ROSE, J.

This is an application on behalf of Adams county for a
peremptory writ of mandamus directing respondent as
register of deeds to turn over to the county treasurer the
balance of the fees in his hands for the year 1910, after
deducting the statutory compensation for the official serv-
ices of himself and his deputy. There is no dispute about
the facts. For the year 1910 respondent collected in fees
$3,246.80. He lawfully retained $1,500 for himself and
$1,000 for his deputy, leaving in his hands at the close of
the year's business, after an accounting approved by the
county board, $746.80. Upon demand respondent refused
to turn the balance over to the county treasurer. To co-
erce performance of that duty is the purpose of this pro-
ceeding. The writ is resisted on two grounds: (1) As
register of deeds respondent properly retains the money
to guard against any deficiency in the amount of fees avail-

able for payment of salaries during the remainder of his official term.　(2) Mandamus is not the proper remedy. The trial court denied the writ, and relators have appealed.

1. Has respondent a right to retain the funds?　A statute applicable to Adams county provides that each register of deeds whose fees in the aggregate exceed the sum of $1,500 "in any one year after the payment of the necessary deputy and clerk hire shall pay such excess into the treasury of the county."　Comp. St. 1911, ch. 18, art. I, sec. 77a.　A year is manifestly the statutory period for an accounting. The county treasurer is the lawful custodian of any balance in favor of the county as soon as the correct amount is shown by a duly approved accounting or settlement. How he shall protect and handle such funds for the benefit of the county is the subject of other legislation. He does not share this responsibility with respondent. At the end of each year it is the duty of the register of deeds to turn over to the county treasurer all fees in excess of statutory compensation. Whether the county must make good deficiencies in compensation for succeeding years is a question not involved or decided.

2. Is mandamus the proper remedy?　When relators made their application for the writ, it was definitely settled that respondent had in his hands $746.80 in excess of lawful compensation for official services for the year 1910. The extent of the excess is not in controversy. To turn the balance over to the county treasurer is an official duty enjoined upon respondent by law. Mandamus is the proper remedy.

The judgment is therefore reversed, with directions to the district court to allow the writ at the costs of respondent in both courts.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.