McKenna v. Pleasant.

CHARLES F. MCKENNA, APPELLEE, V. GEORGE W. PLEASANT
ET AL., APPELLEES; ALFRED C. COLLEDGE, APPELLANT.

FILED JULY 11, 1914. No. 17,549.

1. **Judgment:** RECORD: CONSTRUCTIVE SERVICE. When the complete record of a foreclosure of a real estate mortgage fails to show that an affidavit for publication of the summons was filed in the case, and no such affidavit appears in the files, it must be found that no such affidavit was filed, in the absence of any affirmative proof of that fact.

2. **Process:** CONSTRUCTIVE SERVICE. Publication of summons against a nonresident owner of the fee in the land is void, and will not constitute service, unless an affidavit for service by publication has been duly filed before such publication is made.

3. **Mortgages:** FORECLOSURE: PURCHASE BY MORTGAGEE: LIMITATIONS. If a mortgagee purchases the land at the sale in foreclosure of the mortgage and immediately takes such possession of the land as its condition will admit, it being wild, uncultivated and unfenced land, and pays all taxes thereon, and his title under the foreclosure fails because of some irregularity in the service of summons, he will become a mortgagee in possession, and the statute of limitations will not run against the lien of his mortgage.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Reversed with directions.*

*W. K. Hodgkin* and *Struble & Struble,* for appellant.

*Arthur F. Mullen* and *J. A. Donohoe, contra.*

SEDGWICK, J.

In August, 1887, one Frank P. Brown was the owner in fee simple of the quarter section of land involved in this litigation, and then executed and delivered to Parrish & Potter his mortgage deed whereby he conveyed the land to secure the payment of a loan of money at that time made to him by the said parties. Afterwards, the said mortgagor being in default, the said mortgagees began an action in the district court for Holt county to foreclose the mortgage, and obtained a decree of foreclosure

therein. Pursuant to the decree of foreclosure the land was duly advertised and sold by the sheriff to this defendant, Alfred C. Colledge, on the 27th day of December, 1897. Colledge also purchased an outstanding tax title. The land was then uncultivated and unfenced and the defendant, believing·that the foreclosure and sale were legal in all respects, and that he had good title and was the lawful owner of the land by virtue of his purchase, took such possession of the land as the circumstances would admit, and paid the taxes thereon, and paid subsequent taxes thereon regularly, as the same became due, until in 1908, after the commencement of this action. The plaintiff, Charles F. McKenna, claiming to be the owner of the land by mesne conveyances from the said Frank P. Brown, in July, 1907, filed his petition in this action in Holt county, alleging his title as before stated, and asking that the same be quieted and confirmed, alleging that the mortgage given by Brown to Parrish & Potter was "outlawed and entirely barred by the statute of limitations," and that the tax title was invalid, and asking that they be adjudged to be no lien upon the premises. The defendant Colledge was a nonresident of this state, and service was obtained upon him by publication, decree was entered therein, and afterwards he made application under the statute to open the decree and be allowed to defend. With this application he filed his answer in the case and cross-petition, alleging the said mortgage and the foreclosure thereof and the tax lien, and that he was a purchaser of the land under the foreclosure, and had taken possession thereof and paid the taxes thereon, as before stated. He asked for a decree affirming his title through the said purchase, and, if for any reason his title was found to be imperfect through the foreclosure, that he might have a foreclosure of the said mortgage, and such other relief as is just and equitable. With this answer he filed a notice of *lis pendens*. While this answer and notice of *lis pendens* were on file the plaintiff, it is alleged, sold the land to the intervener, Antona Lorenz. The purchaser thereupon intervened in the action

and claimed to be an innocent purchaser of the land. It appears that at the original foreclosure under which the defendant Colledge claims his title the service of summons was published, and the plaintiff and the intervener alleged that no affidavit for service by publication was filed, as the statute requires.

The decree of the court recited that there was due service upon the defendants, but the complete record of the foreclosure, which was put in evidence, does not show the filing of any affidavit for service by publication, and, that being the case, this record furnishes sufficient *prima facie* evidence that no such affidavit was filed, in the absence of any affirmative evidence of the filing of the same. It appears that no other service was had upon the owner of the legal title at that time, and the proceedings therefore would be insufficient to foreclose that title. The trial court entered a judgment in favor of the plaintiff quieting his title in the land as against the lien of the defendant's mortgage. In this we think the court was mistaken.

The mortgagees purchased the land at the foreclosure sale in good faith, supposing that the title was complete. That title having failed, the mortgage was wholly unpaid, and the purchasers at that sale and their grantee, having taken such possession as the circumstances would admit, and having paid the taxes thereon for more than 10 years prior to the commencement of this action, must be considered as mortgagees in possession. The owner of the legal title cannot cancel the lien of a mortgagee in possession without payment of the mortgage.

The judgment of the district court is reversed and the cause remanded, with directions to allow such amendments and take such further evidence as may be necessary, and ascertain the amount of the mortgage and interest of the defendant Colledge and his tax lien and subsequent taxes paid by him, and enter a decree foreclosing his lien for the same, with interest thereon, and adjusting and determining the rights of the other parties to this litigation.

The costs of this court will be taxed against the plaintiff McKenna.

REVERSED.

REESE, C. J., dissents.

ROSE and FAWCETT, JJ., not sitting.