EMIL GLOOR, APPELLANT, V. FRANK TORCZON, APPELLEE.

FILED APRIL 19, 1922. No. 22005.

1. **Justice of the Peace:** JUDGMENT BY DEFAULT: VACATION. To confer on a justice of the peace jurisdiction to set aside a judgment against defendant on the ground that it was rendered in his absence, he must make his motion in ten days, pay or confess judgment for costs, and give plaintiff the required notice in writing. Rev. St. 1913, sec. 8447.

2. **Courts:** INFERIOR COURTS: JURISDICTION. The records of inferior courts of limited jurisdiction must affirmatively show that such courts have acted within the scope of their authority.

3. ———: ———: ———: PRESUMPTION. Jurisdictional facts will not be presumed to sustain a judgment of an inferior tribunal.

4. ———: ———: ———: ———. "The doctrine of presumptions in favor of the regularity of the proceedings of courts of general jurisdiction does not apply to courts of inferior and limited jurisdiction, but as to such courts, the facts necessary to give jurisdiction must fairly appear from the record." *Muller v. Plue*, 45 Neb. 701.

5. **Justice of the Peace:** JURISDICTION. Every fact essential to jurisdiction must affirmatively appear on the record of a judgment entered by a justice of the peace.

6. ———: JUDGMENT: VACATION: RECORD. A judgment of a justice of the peace, setting aside a judgment because it was entered against defendant in his absence, is void if the record fails to show that defendant gave plaintiff the notice in writing which the statute requires.

7. ———: ———: ———: RECITALS. A mere recital in the docket entry of a judgment by a justice of the peace that proof of a notice essential to jurisdiction was filed is not legal evidence of that fact in absence of such a filing.

8. ———: ———: VALIDITY. A judgment of a justice of the peace, setting aside a former judgment against defendant because he was absent when it was rendered, may be held void in a proceeding in error, where the only record of a notice to plaintiff in writing ap-

pears in the transcript in the form, of a paper purporting to be such a notice, without any officer's return or other evidence of service, except a mere recital in a docket entry of the judgment that proof of service of notice was filed, there being no such filing.

APPEAL from the district court for Platte county: A. M. POST, JUDGE. *Reversed.*

*Albert & Wagner, for appellant.*

*McElfresh & Walker, contra.*

Heard before MORRISSEY, C. J., ALDRICH and ROSE, JJ., RAPER and STEWART, District Judges.

PER CURIAM.

Plaintiff commenced this action before William O'Brien, a justice of the peace for Platte county, to recover $150 on account of the negligence. of defendant in running an automobile into, and thus damaging, plaintiff's automobile on a public highway. Defendant was summoned, but made default, and upon the hearing of the evidence on behalf of plaintiff judgment was rendered in his favor July 12, 1917, for $55 and costs taxed at $4.75. The next day, July 13, 1917, defendant presented a motion to set aside the judgment on the ground that it was rendered in his absence. He also confessed judgment for costs. Whereupon the justice of the peace entered judgment against defendant for costs, conditionally vacated the judgment for damages, and set the cause for trial July 24, 1917. Plaintiff failed to appear at the time appointed. The justice of the peace then heard the witnesses on behalf of defendant, vacated the judgment for damages, dismissed the cause, and entered judgment against plaintiff for costs taxed at $8.40. To vacate this latter judgment plaintiff filed a petition in error in the district court for Platte county September 4, 1917. In that court there was a hearing upon the petition in error and the transcript of the proceedings of the justice of the peace. This resulted in a finding by the district court that there was not error in such proceedings. The judgment assailed in the pro-

ceeding in error was affirmed. Plaintiff has appealed to the supreme court.

It is argued here that the judgment of the district court is erroneous because the transcript shows on its face that the justice of the peace did not have jurisdiction to set aside the judgment in favor of plaintiff for damages. This assignment of error is based on defendant's failure to give plaintiff the statutory notice in writing before proceeding to set aside the judgment in his favor. From this position there seems to be no escape under the statute and our former decisions.

The judgment in favor of plaintiff for damages was regularly entered by the justice of the peace. Jurisdiction to set it aside because it was rendered in the absence of defendant was as essential as jurisdiction to render judgment in the first instance. The right to have a judgment set aside on that ground is an arbitrary creation of statute. Judicial exercise of the power depends on a compliance with the statute. The method of acquiring jurisdiction to set aside the judgment in favor of plaintiff for damages because it was rendered in the absence of defendant is prescribed by statute. Before defendant could invest the justice of the peace with jurisdiction for that purpose he was required (1) to make his motion within 10 days; (2) to pay or confess judgment for costs; (3) to give plaintiff notice in writing. There was compliance with the first and second conditions. Compliance with all three was necessary. The last condition applies to defendant, and reads thus:

"Third—that he notify in writing the opposite party, his agent or attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time, if the party reside in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial." Rev. St. 1913, sec. 8447.

To show jurisdiction under these provisions of the statute, defendant relies on an entry appearing in the docket

of the justice of the peace and an unserved paper appearing in the transcript in the form of a written notice. The docket entry, which appears to be a part of the final judgment itself, recites:

"July 24, 1917, at 2 o'clock p. m., the defendant filed proof of the service of notice upon the plaintiff of the opening of said judgment and the time and place of trial."

There are two fatal objections to this docket entry. The first is that it fails to state that the notice was "in writing." The second is that the entry or recital does not disclose when or how the notice was served—facts essential to jurisdiction. *Duval v. Johnson,* 90 Neb. 503. The statute requires notice in writing. There is nothing in the transcript to show that notice in writing was given. In *Kuker v. Bcindorff,* 63 Neb. 91, it was held:

"The records of inferior courts must affirmatively show that such courts have acted within the scope of their authority."

In the same case it was further held:

"Jurisdictional facts will not be presumed in order to sustain the judgments of inferior courts."

In *Muller v. Plue,* 45 Neb. 701, it was held that a personal judgment without jurisdiction of the person is void, the court saying:

"The doctrine of presumptions in favor of the regularity of the proceedings of courts of general jurisdiction does not apply to courts of inferior and limited jurisdiction, but as to such courts, the facts necessary to give jurisdiction must fairly appear from the record."

In *Howell v. Gilt Edge Mfg. Co.,* 32 Neb. 627, the rule was stated in this language:

"The judgments, in this instance, are those of an inferior court without the legal presumptions in its favor, and every fact essential to jurisdiction ought to appear affirmatively of record."

It follows, therefore, that, for the purposes of showing jurisdiction, the docket entry or final judgment setting aside the original judgment in favor of plaintiff for dam-

ages and dismissing the cause is fatally defective.

The document relied upon to show notice in writing, and, consequently, jurisdiction in connection with the docket entry described, appears in the transcript in the following form, omitting the title and the signature:

"The plaintiff is hereby notified that the judgment rendered for defendant (plaintiff) in the above cause is conditionally set aside; and a trial will be had in said action before said William O'Brien at his office in the City of Columbus, Nebr., on the 24th day of July, 1917, at 2 o'clock p. m. Dated this 14th day of July, 1917."

The fatal defect in this paper is that there is nothing in the transcript, such as a certificate or an affidavit or an officer's return or a consent or an appearance, to show that it was served on plaintiff, and the docket entry, as already shown, does not supply the omission. Service on plaintiff of the statutory notice in writing was a jurisdictional fact which does not affirmatively appear on the record of the justice of the peace as that record is shown by the transcript certified by the magistrate himself. The conclusion must necessarily be, since the transcript, importing verity, and to which no objection is made, does not contain a paper showing that "the defendant filed proof of service of the notice," that no such proof was filed. *McKenna v. Pleasant*, 96 Neb. 581.

The order of the district court affirming the final judgment of the justice of the peace setting aside the original judgment for damages and dismissing the case was therefore erroneous. On the transcript of the proceedings of the justice of the peace, as such transcript now appears in the record, the void judgment should have been vacated in the proceeding in error. It follows that the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.