BUFFALO COUNTY, APPELLANT, V. E. BOWKER ET AL.,
APPELLEES.

FILED FEBRUARY 26, 1924.  No. 22667.

1. Counties and County Officers: DETERMINATION OF POPULATION:
   COMPENSATION OF OFFICERS. In the absence of a statutory provi-
   sion for determining the population of a county, a board of
   county commissioners, in order to enable it to classify the officers
   governed by section 2369, Comp. St. 1922, and thus arrive at the
   amount of their compensation, may ascertain and determine by
   any competent means the number of inhabitants of the county.
   Where such determination has been so made by the county board,
   *held*, that it is binding upon parties affected thereby until set
   aside or vacated by some forum of competent jurisdiction in a
   proceeding brought for that purpose.

2. ————: CLERK OF DISTRICT COURT: COMPENSATION. Under
   the provisions of said section 2369, the compensation provided
   for the clerk of the district court should be figured on a yearly
   basis, and not upon a term basis, and a clerk of the district court
   is not entitled to retain an excess of fees earned by him in any
   one year above maximum amount allowed per annum, to make
   up for a deficiency in amount of fees earned by him during pre-
   ceding years of his term of office.

APPEAL from the district court for Buffalo county: BRUNO
O. HOSTETLER, JUDGE. *Affirmed in part, and reversed in
part.*

*H. M. Sinclair* and *H. H. Drake,* for appellant.

*N. P. McDonald* and *John A. Miller, contra.*

Heard before LETTON, ROSE, DEAN and GOOD, JJ., ELDRED,
District Judge.

ELDRED, District Judge.

This action was brought by Buffalo county to recover of
appellee, Bowker, formerly clerk of the district court for
such county, and the Chicago Bonding & Surety Company,
as his surety, the sum of $1,099.95, alleged to be due appel-
lant from appellee, Bowker, on account of fees earned and
received by him as such official during the year 1920, over

and above the amount he was entitled to retain as compensation for his services, and $800 additional for deputy. From a judgment in favor of the defendants in the court below, the plaintiff appealed.

Bowker was elected clerk of district court in 1916, for a term of four years beginning January 4, 1917, and held the office during said term. In the year 1920 he received fees of office aggregating $4,399.95, and was entitled to retain out of said sum $800 allowed by county board for deputy. In addition to the amount allowed for deputy, the clerk earned as fees in 1917, $2,557.65; 1918, $2,349.75; and 1919, $2,885.85.

On December 12, 1916, the board of county commissioners adopted the following resolution:

"Be it resolved that the election returns of the county of Buffalo, in the state of Nebraska, held on November 7, 1916, shows the fact to be that said county then had a population of more than twenty-five thousand inhabitants; therefore, it is by this board declared to be a fact that the population of said county then did and now does exceed the number of twenty-five thousand inhabitants."

The appellant contends that Buffalo county had less than 25,000 inhabitants in the year 1920, and that the clerk was entitled to retain only a maximum of $2,500 for the year for his services, and that he must pay the excess of fees into the county treasury. Appellee contends that it was officially determined by the county board December 12, 1916, that said county then had more than 25,000 inhabitants, and that such decision continued in effect during his term of office, and entitled him to retain $3,000 per annum as his compensation; and further contends that he is entitled to apply the excess fees of the year 1920 to the deficiency of preceding years during his term. The statute provides:

"If the fees shall exceed twenty-five hundred dollars per annum in counties having more than twenty thousand inhabitants and less than twenty-five thousand inhabitants, or if the fees shall exceed three thousand dollars per an-

num in counties having more than twenty-five thousand inhabitants and less than fifty thousand inhabitants; * * * said clerk shall pay such excess into the treasury of the county in which he holds office." Comp. St. 1922, sec. 2369.

By this section the amount of compensation the clerk was entitled to receive, if the fees earned were equal thereto, is established; but the statute fixes no method by which the population of a county should be ascertained or determined. The county officers are, by this law, classified upon the county attaining the required number of inhabitants. What the number of inhabitants may be is a question of fact which must be determined by some competent authority. The duty of settling with county officers, auditing their accounts, fixing the salaries of their deputies, as well as the general management of the affairs of the county, rests upon the county board. Before they can perform the duties devolved upon them by law, it becomes necessary that some determination should be made of the number of inhabitants of the county in order to classify the officers. For instance, in addition to classifying the officers, the section of the statute above referred to further provides: "If the clerk of the district court think necessary, said clerk may be allowed one deputy at a compensation of not to exceed one-half of the amount allowed his principal." How could that amount be determined without classification of the officers of the county. which requires determination of the number of inhabitants?

The board of county commissioners of a county are clothed not only with the powers expressly conferred upon them by statute, but they also possess such powers as are requisite to enable them to discharge the official duties devolved upon them by law. *Berryman v. Schalander.* 85 Neb. 281; *Wherry v. Pawnee County,* 88 Neb. 503; *Emberson v. Adams County,* 93 Neb. 823.

The board of county commissioners of Buffalo county assumed jurisdiction to determine the number of inhabitants of the county, and on December 12, 1916, adopted the resolution heretofore set forth. There is no suggestion

Buffalo County v. Bowker.

made that the commissioners were not acting in good faith in adopting this resolution. Since that date, up to and including the year 1920, the county board allowed all officers of the county to retain fees and salaries based upon a population of 25,000, and has fixed salaries of deputies and clerks in county offices based upon such population. In the absence of a law pointing out how the population should be ascertained, the county board has jurisdiction to determine the number of inhabitants of the county for the purpose of arriving at the classification of its officers; it may ascertain that fact by any competent evidence, just as it may determine any other question of fact arising in the discharge of its duties. *Lewis County v. Montfort,* 72 Wash. 248.

The county board, in ascertaining and determining the number of inhabitants of a county for classification and fixing the compensation of its officers and their deputies, acts quasi-judicially. *Mitchell v. Clay County,* 69 Neb. 779, 795; *Lewis County v. Montfort,* 72 Wash. 248. And where the board of county commissioners in good faith ascertain and determine the number of inhabitants of a county for the purpose of classification of the county officers, such determination is not subject to collateral attack, but is conclusive as to those to whom it applies until set aside or vacated by such county board or some other forum of competent jurisdiction in a direct proceeding instituted for that purpose. *Thomas v. Whatcom County,* 82 Wash. 113; *Selectmen of Holliston v. New York C. & H. R. R. Co.,* 195 Mass. 299; *Dexter Horton Trust & Savings Bank v. Clearwater County,* 235 Fed. 743; *Mitchell v. Clay County,* 69 Neb. 779; *Lewis County v. Montfort,* 72 Wash. 248.

The appellant relies upon the government census of 1920, which shows the population of Buffalo county to be 23,787. While the evidence of such enumeration was, of course, competent, it does not necessarily control even in an action where the determination of the board is attacked directly, and not collaterally. Other competent evidence may be resorted to for the purpose of determining the

number of inhabitants of the county at any given time. *O'Connell v. Sioux County*, 94 Neb. 826; *State v. Davis*, 66 Neb. 333.

It follows from what has been said that, during the year 1920, the appellant, Bowker, was entitled to retain out of fees earned by his office the sum of $3,000 as compensation for himself in addition to the $800 allowed for deputy.

According to the stipulation, the office of the clerk of the district court for Buffalo county earned, during 1920, the sum of $4,399.95; deducting therefrom $800 allowed for deputy and $3,000 which the clerk is entitled to retain as compensation for himself, there remains an excess of $599.95. During the three preceding years of the clerk's term of office, the fees earned aggregated, after allowing for salary of deputy, only $7,793.25, or $1,206.75 less than he would have been entitled to retain as salary during those three years, had the fees of his office equalled the sum of $3,000 each year. The question now is: May the $599.95 of excess fees for the year 1920 be retained by the clerk to apply on the deficiency in the amount of fees earned during the preceding years of his term of office?

Section 2369, Comp. St. 1922, is a special provision relating to fees and compensation of clerks of the district court, and, so far as it may be applicable to the matter now in controversy, provides:

"If the fees shall exceed three thousand dollars per annum in counties having more than twenty-five thousand inhabitants, * * * said clerk shall pay such excess into the treasury of the county in which he holds office: Provided, also, the clerk of the district court of each county shall, on the first Tuesday of January, April, July and October of each year make a report to the county board, under oath, showing the different items of fees received, from whom, at what time and for what services, and the total amount of fees received by such officer since the last report and also the amount received for the current year."

While this section was amended during the appellee's term of office, in 1917, and again in 1919, yet neither amend-

ment affects the question involved in this case. The legislature does not, in the foregoing section, treat the compensation of the clerk therein provided for as a salary, but rather as charges which he shall make for his services.

In the following section, 2370, a salary is provided for the clerk of court, to be paid by the county, and accounted for in the same manner, and subject to the same limitations, as other fees; the fees he is entitled to retain being referred to in that section as compensation, and not as salary. This court, in construing a similar section relative to the county clerk, has said: "The object of this statute was not to make the office of county clerk, and other offices named, a salaried office, but to fix a limit in the amount received and retained, and require the excess to be paid into the county treasury." *Gage County v. Wilson,* 38 Neb. 165.

By section 2369 the maximum fees the clerk is entitled to retain per annum is fixed, and it is also provided therein, "Said clerk shall pay such excess into the treasury of the county;" and the same section provides a report must be made quarterly, showing, among other items, the amount of fees received for the "current year." What excess does the section refer to? Evidently the excess above the amount he is entitled to retain per annum as his compensation for the "current year." Otherwise, what was the purpose of a report showing the amount of fees for the current year? There has been some discussion by counsel as to the meaning of the term "current year;" but this court has defined the term as meaning, ordinarily, the calendar year in which the event under discussion took place. *Clark v. Lancaster County,* 69 Neb. 717, 733.

Both parties to this controversy have also discussed the provisions of section 2396, Comp. St. 1922 (Rev. St. 1913 sec. 2454), which by its terms purports to apply, as now amended, to "all county officers who now make report, as required by law;" and it is urged by appellee that it applies only to county judge, county clerk, and county treasurer; and in his brief he states: "We contend that section 2454

and the amendments thereto (Comp. St. 1922, sec. 2396),
have no reference whatever to the office of the clerk of the
district court, and, if they were so intended, they would be
unconstitutional."

We are inclined to adopt the view of appellee that section
2396 does not apply to the office of the clerk of the district
court.   Section 2369 is a special statute having reference
only to the charges and compensation of the clerk of the
district court, and his duties in making reports and settling
with the county.   This statute with its amendments is a
statute complete in itself, relating to an independent sub-
ject.   It is a well-settled rule of construction that special
provisions of law relating to a particular subject will pre-
vail over general provisions in other statutes so far as there
is a conflict.   *State v. Penrod,* 102 Neb. 734.

In support of his contention that an excess of one year
may be applied to a deficiency of a preceding year, appellee
cites *Wiegand v. Luzerne County,* 7 Luzerne L. R. Rep. 183,
and *Ziegler v. Lancaster County,* 42 Pa. Super. Ct. Rep. 221,
wherein the law in question provided that the average
monthly salary should be based upon fees earned "during
such term of office." The statute differs so vitally from
the statute of this state now under consideration that those
cases can have no application here.   The case of *Gray v.
Matheny,* 66 Ark. 36, also cited by appellee, does not conflict
with the views here expressed.   That case follows *Inde-
pendence County v. Young,* 66 Ark. 30, from which it ap-
pears that emoluments of county clerk were fixed at not
to exceed $1,800, and he was required to make report and
settle with county court quarterly by paying into the trea-
sury all amounts in excess of the amount of salary due him
on that date, etc.   Held, that the purpose of the statute was
to fix a maximum limit of $1,800 per annum to be paid out
of fees collected and chargeable against the clerk during the
fiscal year, and that a deficiency in one quarter of fiscal
year may be made up from excesses in another quarter.
The question of making up a deficiency of one year out of
the excesses of another year was not decided.   Appellee

Buffalo County v. Bowker.

also cites 15 C. J. 507, sec. 174, 23 Am. & Eng. Ency. of Law (2d ed.) 387, and 16 Current Law, 1349, but the text announced in those authorities is supported only by the decisions above referred to.

In *Barnes v. Red Willow County*, 62 Neb. 505, the statute under consideration, involving compensation of county treasurers, provided that every county treasurer whose fees shall in the aggregate exceed the sum of $2,000 per annum shall pay such excess into the treasury of the county. In the opinion in that case the court said: "The section just quoted is too plain to require judicial interpretation." And, in effect, the court construed the term "per annum" as meaning "in any one year."

In a more recent case the question involved was: May a register of deeds retain an excess in his hands on settlement of one year, to guard against any deficiency in the amount of fees available for payment of compensation for himself and assistants during the remainder of his official term? The statute under consideration in that case provided that each register of deeds whose fees in the aggregate exceed the sum of $1,500 in any one year, after payment of necessary deputy and clerk hire, shall pay such excess into the treasury of the county. The statute did not provide when the payment of excess should be made. The distinguishing feature involved in the register of deeds case and in the case at bar is that in the former the term, "in any one year," was used, while in the case at bar the term, "per annum," is used. In the opinion in the case referred to, it is said: "A year is manifestly the statutory period for an accounting. The county treasurer is the lawful custodian of any balance in favor of the county as soon as the correct amount is shown by a duly approved accounting or settlement. * * * At the end of each year it is the duty of the register of deeds to turn over to the county treasurer all fees in excess of statutory compensation." *State v. Uerling*, 94 Neb. 694. This rule should be applied in the case at bar.

Section 2369, *supra*, not only fixes the maximum amount

of compensation that may be retained by the clerk, but it seems clear that it was the intention that any excess should be paid into the county treasury annually. The settlement should be made with the county for each year separately, and without reference to whether there was a deficiency in amount of fees for any previous year. The appellee, Bowker, may not lawfully retain the excess of 1920, to apply on deficiency in the amount of fees earned during prior years of his term.

The judgment of the district court, so far as it held that the clerk of the district court for Buffalo county was entitled to a salary of $3,000 for 1920, should be affirmed; and, so far as holding that the excess fees of one year could be applied on deficiency of a prior year of his term, should be reversed.

AFFIRMED IN PART, AND REVERSED IN PART, AND REMANDED.