JAY J. SHAMBAUGH ET AL., APPELLEES, V. BUFFALO COUNTY ET AL., APPELLANTS.

274 N. W. 207

FILED JUNE 22, 1937. No. 30004.

*H. L. Blackledge* and *J. C. Tye,* for appellants.

*N. P. McDonald, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

In this proceeding the following resolution adopted by. the board of supervisors, or county board, of Buffalo county July 15, 1931, is challenged as void by county officers Jay J. Shambaugh, treasurer, William F. Flake, sheriff, Lydia A. Finke, register of deeds, Francis W. Lowry, county clerk, and Guy N. Henninger, clerk of the district court, plaintiffs:

"The county board having considered the question of the population and number of inhabitants of Buffalo county, and considering the last government census, and other evidence, finds that the inhabitants and population is under 25,000, and that the same is 24,318 as shown by the last government census; therefore,

"Be it resolved by the chairman and county board of supervisors of Buffalo county, Nebraska, that said board finds the present population of said county to be 24,318 and that county officials and their deputies be paid from this date as provided by law on above basis of population of said county."

Plaintiffs assail the resolution as void on the grounds that it was adopted at a secret meeting without notice to them or an opportunity to be heard; that its purport is to reduce their salaries during their term of office in violation of the state Constitution (art. III, sec. 19) ; that its effect is to deprive them of property without due process of law, contrary to the state and federal Constitutions.

The plaintiffs named were elected for a four-year term at the general election in November, 1930, and were inducted into office in January, 1931. The population had been previously estimated by the county board to be in excess of 25,000, thus determining the statutory salaries which plaintiffs first received to be as follows: Treasurer, $3,000; sheriff, $2,000; register of deeds, $2,000; county clerk, $2,800; clerk of the district court, $3,000. The effect of the resolution adopted July 15, 1931, determining the population to be 24,318, if valid, was to reduce the salaries during the term of office for which plaintiffs were elected, as fol-

lows: Treasurer, $2,000; sheriff, $1,800; register of deeds, $1,500; county clerk, $2,000; clerk of the district court, $2,500.

The resolution was reviewed by the district court and held void for lack of the county board's jurisdiction to adopt it. Buffalo county and its supervisors, defendants, appealed to the supreme court, contending that the county supervisors had jurisdiction to ascertain and determine the population of the county and that plaintiffs are bound by the decision, citing *Buffalo County v. Bowker*, 111 Neb. 762, 197 N. W. 620, wherein the law is stated as follows:

"In the absence of a statutory provision for determining the population of a county, a board of county commissioners, in order to enable it to classify the officers governed by section 2369, Comp. St. 1922, and thus arrive at the amount of their compensation, may ascertain and determine by any competent means the number of inhabitants of the county. Where such determination has been so made by the county board, *held*, that it is binding upon parties affected thereby until set aside or vacated by some forum of competent jurisdiction in a proceeding brought for that purpose."

Plaintiffs also rely on the case cited, in connection with the resolution itself, to show want of notice essential to the exercise of jurisdiction. The *Bowker* case is authority for the following propositions: The county board in determining the number of inhabitants in the county acts quasi judicially. What was determinable was a question of fact upon competent evidence. A census enumeration was competent, but not conclusive, and any other competent evidence was admissible. The decision was open to the direct attack made in the present instance. *Buffalo County v. Bowker*, 111 Neb. 762, 197 N. W. 620.

In a public tribunal exercising power to estimate population for the purpose of determining statutory salaries, the law requires notice to officers vitally and pecuniarily affected by the decision. The law did not create a secret forum to determine the number of inhabitants as a basis of statutory compensation for public officers without notice

to them or an opportunity to be heard. For anything appearing in the record, plaintiffs may have been ready, able and willing to prove conclusively that numbers sufficient to increase the population far beyond 25,000 became residents of Buffalo county after the census was taken and before the resolution was adopted, thus showing the fact to be contrary to the recital therein. The county board is not a court of general jurisdiction. It is an inferior tribunal with limited authority and its record must affirmatively disclose the jurisdictional facts essential to the exercise of the power that it assumes. The law on this subject has been repeatedly announced as shown by the following rulings:

"The judgments, in this instance, are those of an inferior court without the legal presumptions in its favor, and every fact essential to jurisdiction, ought to appear affirmatively of record." *Howell v. Gilt Edge Mfg. Co.*, 32 Neb. 627, 49 N. W. 704.

"The doctrine of presumptions in favor of the regularity of the proceedings of courts of general jurisdiction does not apply to courts of inferior and limited jurisdiction, but as to such courts, the facts necessary to give jurisdiction must fairly appear from the record." *Muller v. Plue*, 45 Neb. 701, 64 N. W. 232.

"The records of inferior courts must affirmatively show that such courts have acted within the scope of their authority.

"Jurisdictional facts will not be presumed in order to sustain the judgments of inferior courts." *Kuker v. Beindorff*, 63 Neb. 91, 88 N. W. 190.

These rulings were approved in *Gloor v. Torczon*, 108 Neb. 402, 187 N. W. 887.

The county board acted judicially in an attempt to ascertain a fact which vitally affected the rights and interests of plaintiffs. The resolution is the entire public record of the action of the county board. It does not disclose personal notice of any kind to any one or published notice in any form of a private or public meeting or that plaintiffs

were heard or had an opportunity to be heard. It does not indicate that any officer whose compensation was at stake voluntarily appeared. The names of supervisors present do not appear.

The secret action of the county board, if valid, necessarily imposed financial losses on the county officers named as plaintiffs. They were therefore unlawfully deprived of notice of a hearing essential to the jurisdiction of the county board of supervisors. It follows that the resolution is void as to them and that the district court properly so held. Having reached this conclusion, the discussion of other questions argued is unnecessary.

AFFIRMED.