LEXINGTON MILL & ELEVATOR COMPANY v. HENRY NEUENS.

FILED NOVEMBER 8, 1894.   No. 5482.

Contracts: SALES: ADVANCEMENT OF MONEY: PART PERFORMANCE: RECOVERY OF PAYMENT. If a person has advanced money in part performance of a contract and then refuses to proceed, the other party being ready and willing to perform on his part all the stipulations of the agreement, the former will not be permitted to recover back what he has advanced. *Walter v. Reed,* 34 Neb., 544, followed.

ERROR from the district court of Dawson county.   Tried below before HOLCOMB, J.

*C. W. McNamar,* for plaintiff in error, cited: *Barrow v. Arnaud,* 8 Q. B. [Eng.], 604; *Boswell v. Kilborn,* 15 Moores [Eng.], 309; *Allen v. Jarvis,* 20 Conn., 38; *Haines v. Tucker,* 50 N. H., 307; *McNaught v. Dodson,* 49 Ill., 446; *Chapman v. Ingram,* 30 Wis., 290; *Camp v. Hamlin,* 55 Ga., 259; *Bickell v. Colton,* 41 Miss., 368; *Boies v. Vincent,* 24 Ia., 387; *Rider v. Kelley,* 32 Vt., 268; *Ballentine v. Robinson,* 46 Pa. St., 117; *Denver, T. & G. R. Co. v. Hutchins,* 31 Neb., 572.

*E. A. Cook, contra.*

IRVINE, C.

The plaintiff in error sued the defendant in error to recover damages for the alleged failure by the defendant to

deliver 900 bushels of wheat contracted to be sold by the
defendant to the plaintiff. The defendant, by answer, ad-
mitted the contract for the sale of the wheat, but alleged
its terms to be somewhat different from those stated in the
petition. He then averred that he offered to deliver the
wheat and the plaintiff refused to accept the same, and
asked damages on account of plaintiff's alleged breach of
the contract. There was a trial to a jury and a verdict for
the defendant without damages.

The court gave the following instruction: "If from the
evidence you believe that the defendant was ready and will-
ing and offered to deliver to the plaintiff the 900 bushels
of wheat contracted for November 9, 1889, of like kind
and quality as the sample shown plaintiff's agents, Jensen
& Leflang, and that the plaintiff, by its agents, refused to
accept the same, then plaintiff cannot recover. Your ver-
dict should be for the defendant." The giving of this in-
struction is the first error assigned, the objection urged
being that the instruction was not applicable to the evi-
dence. The controversy on the trial turned upon the ques-
tion whether the wheat tendered by the defendant was of
the quality which he contracted to sell. The defendant re-
ceived from the plaintiff $100 on the purchase money when
the contract was made. We understand the point made by
the plaintiff in regard to the instruction to be that it au-
thorized a verdict for the defendant in case the jury should
find that he offered to deliver the wheat according to con-
tract, and disregarded the fact that the $100 had been paid;
that is, the plaintiff claims that even though the jury
should find that the defendant was ready to perform, and
that the breach was by the plaintiff, still the plaintiff would
be entitled to recover back the $100. In *Walter v. Reed*,
34 Neb., 544, it was said, in regard to a sale of personal
property: "The rule is that if a person has advanced
money in part performance of a contract and then refuses
to proceed, the other party being ready and willing to per-

form on his part all the stipulations of the agreement, the former will not be permitted to recover back what he has advanced." In view of the frequency with which it might be supposed this question would arise, the authorities elsewhere are remarkably few and the cases wherein the principle has been involved are not harmonious. Had the case rested upon the defendant's counter-claim, in ascertaining ·his damages, the fact that he had already received the $100 might be one for consideration; but this instruction related to the plaintiff's cause of action and not to the counter-claim, and if, instead of alleging performance on its part, plaintiff had alleged in the petition that it paid the $100 and then refused to receive the grain, such a petition would have been demurrable. It would trace the right to recover through the plaintiff's own breach of contract. We are satisfied with the rule announced in *Walter v. Reed,* and the instruction given was correct, in view of that rule.

It is assigned that the verdict is not sustained by the evidence; but the brief, while referring to this assignment of error, simply characterizes the verdict as unjust and does not point out in what respect the evidence was insufficient. We have examined the evidence and find it conflicting as to the essential facts in dispute. The verdict cannot, therefore, be disturbed.

It is argued in the brief that the court erred in excluding certain evidence, but neither in the motion for a new trial nor in the petition in error is there any assignment sufficient to present the ruling complained of for review.

AFFIRMED.