ISAAC G. TRAUERMAN ET AL., APPELLANTS, V. NEBRASKA LAND & FEEDING COMPANY, APPELLEE.

FILED OCTOBER 18, 1906.    No. 14,449.

Sales: RECOVERY OF MONEY PAID. It is a rule generally enforced that a purchaser who has advanced money in part performance of a contract, and who refuses to proceed, the seller being ready and willing to perform on his part, cannot recover back money so advanced; but to subject the purchaser to this penalty or forfeiture it should clearly appear that he has wholly abandoned the contract and wilfully refused to proceed thereunder.

APPEAL from the district court for Cherry county: JAMES J. HARRINGTON, JUDGE. Reversed.

Allen G. Fisher, for appellants.

Albert W. Crites, contra.

DUFFIE, C.

This is the second appeal in this case. The first trial resulted in a judgment for the plaintiffs, and upon appeal to this court the judgment was reversed and the case

remanded.  A full and clear statement of the facts in the case by Mr. Justice BARNES may be found in 70 Neb. 795. Upon the second trial judgment went in favor of the defendant, and the case is now here on appeal taken by the plaintiffs below.

As will be seen by the statement of facts given in the first opinion, the suit is to recover $1,000 advanced by the plaintiffs as earnest money or part payment made by them upon a purchase of 500 calves to be delivered to them by the defendant at Irwin on October 22, 1900. On the trial the plaintiffs attempted to show that at the time of entering into the written contract, and for the same consideration, there was a further oral agreement that the delivery might, at their request, be delayed for a week or ten days.  We held on the former appeal that this evidence was incompetent as varying the terms of the written contract.  No material additional evidence was introduced in support of the plaintiff's claim on the second trial, and at the conclusion of the evidence the court directed a verdict for the defendant.  The evidence is clear that sometime prior to the 22d day of October, when delivery of the calves was to be made, defendant wrote to the plaintiffs that it had secured the calves and would be at Irwin to make delivery at the time specified. At the time called for by the written agreement defendant had the calves at Irwin ready to deliver, but the plaintiffs were not there to receive them or to make payment for the remainder due.  Thereafter, not being able to arrive at a settlement of their dealings, this action was commenced by the plaintiffs to recover the money advanced.  The only question, therefore, presented by this appeal is whether a party who has made part payment upon a purchase of property, and who fails to perform on his part, can recover the money so advanced.  On this question the authorities, while not numerous, are generally to the effect that he cannot.

In *Hansbrough v. Peck,* 5 Wall. (U. S.) 497, it is said: "The party who has advanced money, or done an act in

part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or. done."

In *Haynes v. Hart*, 42 Barb. (N. Y.) 58, the plaintiff attempted to recover money advanced as part of the purchase price of a canal boat. A demurrer to his petition was sustained upon the ground that it showed a breach of the contract on his part. On appeal, the court said: "The plaintiff cannot recover on the ground of his own breach of the agreement; and the contract does not provide for a repayment of the money paid in part performance, in case of a rescission according to the stipulations of the contract. Nor will the law imply a promise in such a case. To allow the plaintiff to recover back the purchase money paid, in a case like this, would be to offer an inducement to a purchaser to violate his agreement. It would give him the use of the canal boat for a year without compensation, and put it wholly in his power to perform or not at his pleasure. I think no case can be found where a purchaser has been allowed to recover back partial payments after a default in making further payments, when the vendor has merely kept the property agreed to be sold, or sold it to another, in consequence of such default. In order to entitle a purchaser to recover under such circumstances he must show that the other party has been guilty of some breach on his part, or of some act in hostility to the contract."

In *Walter Bros. v. Reed & Gerard*, 34 Neb. 544, it is said: "If a purchaser has advanced money in part performance of a contract, and without fault on the part of the seller refuses to proceed, the seller being ready and willing to perform on his part all the stipulations of the agreement, the purchaser cannot recover back what he has paid."

In *Lexington Mill & Elevator Co. v. Neuens*, 42 Neb.

649, this court, after referring to the case of *Walter Bros. v. Reed & Gerard, supra,* said: "In view of the frequency with which it might be supposed this question would arise, the authorities elsewhere are remarkably few and the cases wherein the principle has been involved are not harmonious. Had the case rested upon the defendant's counter-claim, in ascertaining his damages, the fact that he had already received the $100 might be one for consideration; but this instruction related to the plaintiff's cause of action and not to the counter-claim, and if, instead of alleging performance on its part, the plaintiff had alleged in the petition that it paid the $100 and then refused to receive the grain, such a petition would have been demurrable. It would trace the right to recover through the plaintiff's own breach of contract. We are satisfied with the rule announced in *Walter Bros. v. Reed & Gerard,* and the instruction given was correct, in view of that rule."

In the cases above cited the purchaser had absolutely refused to proceed further in performance of his contract. In the case we are now considering, a few days prior to the time fixed for delivery the plaintiffs wrote defendant requesting that the delivery be delayed for a few days as their business was such that they could not be present to receive the calves. Defendant made no response to this request, but proceeded to tender delivery at the time and place named in the contract. Plaintiffs not being there to receive the calves and make final payment, defendant drove them away, and now has possession of the same and of the $1,000 paid thereon. While it is clear from the record that plaintiffs failed to observe the strict terms of their contract, it is not at all clear that they absolutely repudiated it. There is evidence from which it might be inferred that at a later date they were ready and willing to receive and pay for the calves, and if this state of facts can be established to the satisfaction of a court and jury we hardly think the case one in which the rule demanding forfeiture of the advanced payment would apply. What-

ever damages the defendant may have sustained in consequence of the failure of the plaintiffs to promptly receive and pay for the calves according to the strict terms of the contract should, of course, be allowed it; but to say that a forfeiture of the entire advance payment should be imposed upon the plaintiffs, without clear proof that they had repudiated the contract and refused to proceed thereunder, is going further than we think the rule requires or we are disposed to go.

We recommend a reversal of the judgment and remanding the cause for a second trial.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded for a second trial.

REVERSED.