HENRY J. ABRAHAMS, APPELLANT, V. STUDEBAKER CORPORATION OF AMERICA, APPELLEE.

FILED JULY 1, 1925.   No. 23182.

1. Judgment: RES JUDICATA. In order that *res judicata* as a plea in bar to a subsequent action may avail, the latter must be upon the same claim or demand. If upon a different claim or demand, *res judicata* may avail as an estoppel only as to issues therein shown to have been actually determined.
2. Election of Remedies. Plea of election of remedies found to be without basis.
3. Limitation of Actions. Plea of statute of limitations examined, and *held* without merit.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Reversed.*

*Fradenburg & Matthews* and *William P. Kelley,* for appellant.

*Howard Saxton* and *Baldrige, Dorsey, Randall & Baldrige, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

THOMPSON, J.

On February 11, 1916, plaintiff, appellant, brought an action in the district court for Douglas county against defendant, appellee, to recover $1,672.25 alleged to be due him as damages arising out of the sale of an automobile by it to him. On June 16, 1916, while such suit was pending, the parties entered into an agreement whereby, in consideration of plaintiff returning such automobile and dismissing the action with prejudice, defendant would credit

him with $835 upon the price of a new car, to wit, $1,135, the remaining $300 to be paid by plaintiff at time of delivery of the new car. This agreement describes the car as "One Studebaker Touring Car Model Six Cyl. * * * to be delivered on or about May 1st, 1917, or prior thereto at your (defendant's) option."

The old automobile was then delivered to defendant, by it sold, the proceeds thereof converted to its own use and the action dismissed with prejudice. Defendant received and retains the $835 advance payment. It will be seen that the contract is silent as to the model of the automobile to be delivered, and without provision as to place or specific date of delivery.

On March 5, 1919, plaintiff brought an action in the same court, which will hereafter be referred to as the first action, alleging the execution of the contract above mentioned, and "that said contract does not specify in detail the exact type and style of car that plaintiff herein was to receive, but plaintiff alleges that this contract means that he was to receive one Studebaker Touring car, current model, at the time delivery thereof was to have been made." He further alleges, in substance, that about May 1, 1917, he demanded of defendant that such agreement be carried out; that he was then, and is now, ready and willing to carry out his part of it by paying the $300; that defendant refused, and still refuses, to fulfil its part of the contract; that he has been damaged in the amount of $835, for which he prayed judgment.

Defendant for answer, in substance, interposes a general denial, and alleges that it has performed all conditions precedent on its part, and has tendered to plaintiff "the Studebaker touring car" referred to in the contract; that plaintiff neglected to call for it, and refused to pay the $300; that it has been at all times able, ready and willing to comply with its part of the contract. It further alleges that it has been damaged in the sum of $500 because of plaintiff's failure to comply with his part of the contract, but it does not pray for judgment of any kind.

Plaintiff filed a reply in the nature of a general denial, and alleged that he offered to pay the $300 to defendant, which it refused. Case tried to a jury, verdict as follows: "We the jury, duly impaneled and sworn in the above-entitled cause, do find for the defendant." Motion for a new trial overruled, and judgment that defendant go hence without day, and for costs, from which no appeal was taken.

On April 29, 1921, plaintiff brought this present action in the municipal court for Omaha. From the judgment rendered therein, appeal had to the district court for Douglas county, and case tried upon new pleadings, the substance of plaintiff's petition, after setting out the history of the transaction and previous legal proceedings hereinbefore referred to, being as follows: That the $835 was to be credited to him as the "equivalent to a cash payment," and in paragraph 5 alleges that on or about the 2d day of April, 1919, because of an alleged breach on the part of plaintiff of the contract of June 16, defendant herein rescinded such contract and refused and still refuses to carry out the provisions therein contained; on its part, although plaintiff was ready and willing at that date to perform all the provisions of such contract on his part to be performed. In paragraph 6: "Plaintiff further alleges that the defendant herein upon the rescission of said contract on its part has failed and refused to return to the plaintiff the consideration paid to the defendant by the plaintiff, or any part thereof." He then alleges, in substance, that defendant has sold the automobile returned to it under the agreement, and appropriated the proceeds to its own use, and that the agreement was a settlement for all damages in such action then pending, and the 1913 model car turned over; that he has demanded payment to him of the advance payment of $835, which defendant has refused to pay, and prays judgment for that amount, interest and costs.

Defendant for answer, after admitting its corporate existence, and the execution of the contract as alleged by plaintiff, and after pleading the history of the transaction and legal proceedings, alleges that the matters adjudicated

in the first action "are the same matters attempted to be litigated in this action, that said findings of the jury are binding in all respects upon the plaintiff, and that by said former adjudication, plaintiff is hereby estopped from again claiming the right to recover on the cause of action herein attempted to be set forth." It then further alleges that— "If the plaintiff ever had any cause of action against the defendant upon or pertaining to the matters and things attempted to be alleged or set out in his petition, the same accrued more than four years ago, * * * and the statute of limitations has run against any alleged cause of action of the plaintiff against the defendant of the nature attempted to be pleaded or set out in his petition herein, and same is now barred and outlawed by the statute of limitations." It then enters a general denial, and prays that it may go hence and recover its costs.

Plaintiff's reply denies that the issues and cause are the same in this action as those litigated in the first action, and denies that this action is barred by the statute of limitations, and further denies each and every allegation in defendant's answer.

Defendant moved the court for judgment on the pleadings. Before ruling on such motion, the parties filed a stipulation that the copies of pleadings, orders, journal entries, verdict, and judgment in the first action are to be considered as before the court, that the same are true copies of such records and files, and that the instructions in such first action may be considered by the court on the hearing of the motion made by defendant for judgment on the pleadings, subject to the defendant's objection as to their materiality. The court sustained defendant's motion, and entered judgment dismissing the case with prejudice, and allowing defendant to go hence and recover costs. Motion for new trial overruled. From this judgment, plaintiff appeals.

It will be seen from the record that two questions are presented, namely: Did the court err in entering judgment on the plea of a previous adjudication as an estoppel? Did

the court err in sustaining defendant's plea of the statute of limitations?

The alleged defenses pleaded in the first action after the general denial were but amplifications of what might have been proved under such general denial, to wit, ability, readiness, and willingness on defendant's part to comply at all times, and plaintiff's neglect or refusal to do so. No affirmative relief was prayed, as before stated, nor was rescission or abandonment put in issue. The contract was silent as to the kind of car plaintiff was to receive, and without specific averment of place of delivery, or the specific date thereof. From an instruction given by the court, evidence must have been received that the car was to be a current 1917 model, and that the contract implied a delivery at the place where made, to wit, Omaha. Thus, the verdict for defendant was a finding that it has at all times stood ready and willing to comply with its part of the contract and had not breached the same as alleged by plaintiff or otherwise, and thus left the parties each desirous of completing the contract, and each with the knowledge that the automobile to be delivered was to be of the current 1917 model, to be delivered as implied from the contract at defendant's place of business in Omaha. There was nothing more necessary to be determined, and, as we conclude, that was all that was determined.

In the instant action plaintiff alleges that defendant rescinded the contract in question on or about April 2, 1919 (which date is subsequent to the commencement of the first trial, and possibly after the verdict therein), and refuses to return the $835 advanced by the plaintiff. The record does not show that defendant tendered the $835 back to plaintiff on the above date, nor that plaintiff then elected to treat the contract as rescinded, nor upon what subsequent date, if any, up to the bringing of this action, he so elected. It is clear that he did so elect when he brought this action. By moving for judgment on the pleadings, defendant admits the facts well pleaded by plaintiff, which included the allegation of rescission.

As we have seen, the first action was based solely upon an alleged breach of contract, and no issue of rescission was raised by the pleadings, nor was it in any manner determined by the verdict or judgment therein. Nor did defendant present an issue of abandonment of the contract, or rely upon such issue. As is well said in *Trauerman v. Nebraska Land & Feeding Co.*, 77 Neb. 403: "To subject the purchaser to this penalty or forfeiture it should clearly appear that he has wholly abandoned the contract and wilfully refused to proceed thereunder." As neither rescission nor abandonment are alleged, they are not issues that were, or could have been, litigated in the first action, and neither properly belonged to the subject of litigation therein. It would require different evidence to determine the issue of rescission from that required to determine the issues raised at the first trial.

In order that *res judicata* may avail as a plea in bar in a subsequent action, such subsequent action must be upon the same claim or demand. *Triska v. Miller*, 86 Neb. 503; *Slater v. Skirving*, 51 Neb. 108. However, it must be remembered that a somewhat different rule is applicable where a plea of estoppel is interposed than that where a plea in bar is presented. As said by Justice Field in *Cromwell v. Sac County*, 94 U. S. 351, and approved by us in *Hanson v. Hanson*, 64 Neb. 506: "There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

The previous judgment is neither a bar nor an estoppel

to the right of the plaintiff to prosecute this action, and the trial court committed reversible error in not so finding, and in sustaining defendant's motion for judgment on the pleadings.

The law of election does not apply, as plaintiff was at the first trial without basis for an election. *State v. Bank of Commerce*, 61 Neb. 22.

Taking up the plea of the statute of limitations, the record shows, as before stated, that the cause of action in the instant case, based upon a rescission of the contract, arose on or about April 2, 1919. The instant action was brought April 29, 1921, as shown by the return of the summons. Thus, such plea is without merit.

The judgment of the district court is reversed and the cause remanded.

REVERSED.