ALEXANDER H. GORDON, APPELLANT, V. FRANCIS W. LOWRY, COUNTY CLERK, ET AL., APPELLEES.

FILED JANUARY 24, 1928. No. 25992.

*Miller & Randall* and *Barlow Nye,* for appellant.

*N. P. McDonald, contra.*

Heard before GOSS, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

DEAN, J.

This suit was brought to enjoin the issuance, or delivery, of a salary warrant to a county officer. The prayer of plaintiff is in the usual form for general and equitable relief. Plaintiff demurred to the defendants' answer. The demurrer was overruled. The plaintiff electing to stand on his demurrer and refusing to plead further, on motion of the defendants for judgment on the pleadings, the court found for the defendants and plaintiff's action was thereupon dismissed with the costs taxed against the plaintiff.

Following is the plaintiff's contention as pleaded in his petition: That any sum paid to county attorney Reed, as salary, in excess of $125 a month is unlawful on the ground that the county had a population of less than 24,000 inhabitants during all of the time material to this controversy.

In support of his argument, the plaintiff in his brief cites chapter 91, Laws 1925. The act follows:

"If, during the periods elapsing between censuses taken under supervision of the federal government, there arises any question as to the present population of any civil subdivision of the state of Nebraska, the population stated in the last federal census for such civil subdivision shall govern and control."

We do not think the above cited statute is controlling for the reasons following: First, it constitutes an intrusion into the functions of the judicial department of the state government; and second, it infringes upon and is in conflict with section 1, art. II, of the Constitution of Nebraska, which reads:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others except as hereinafter expressly directed or permitted."

And the question in respect of the population of the state, or of the population of any of its subdivisions, is purely a

question of fact to be determined by the court the same as other fact questions.

For their answer, among other allegations, the defendants pleaded that, for all times material to this suit, Buffalo county had a board of seven supervisors; that an investigation was had by the board, in respect of the population of Buffalo county, to the end that the salaries of county officers and deputies, and county employees as well, might be determined; that under such investigation the supervisors adjudged and determined that the county, on November 21, 1924, had a population of 25,000 and upward, and that its determination was not appealed from. It is also pleaded that the county board, pursuant to the enumeration made by the board, fixed the salary of the incumbent county attorney at $1,800 per annum payable $150 a month.

The defendants argue that Buffalo county, at all times material to this suit, had a population of 25,000 inhabitants, and that the county attorney's salary, therefore, comes within the meaning of section 2372, Comp. St. 1922, which, *inter alia*, provides that, "in counties having a population of twenty-four thousand and less than thirty thousand" inhabitants, county attorneys shall be allowed by the county board for their services a yearly salary "not exceeding eighteen hundred dollars."

For the reasons, and under the authority, herein pointed out, we do not think the argument of plaintiff can be sustained. It cannot, of course, be controverted that, in a proper case, a court has jurisdiction to determine relevant questions of disputed fact and to apply the law thereto when the fact is so determined.

In 2 Wigmore, Evidence (2d ed.) sec. 1353, this is said:

"The judicial function under the Constitution is to apply the law in controverted cases; to apply the law necessarily involves the determination of the facts; to determine the facts necessarily involves the investigation of evidence as a basis for that determination. To forbid investigation is to forbid the exercise of an indestructible judicial

function. To make a rule of conclusive evidence, compulsory upon the judiciary, is to attempt an infringement upon their exclusive province." In support of the text, Dean Wigmore cites the following: "Nisbet, J., in *Birdsong v. Brooks,* 7 Ga. 88, 92, holding a statutory recital not conclusive: 'The legislature has no power to legislate the truth of facts. Whether facts upon which rights depend are true or false is an inquiry for the courts to make,. under legal forms. It belongs to the judicial department of the government.'"

In *State v. Davis,* 66 Neb. 333, it was held that the United States census reports are not conclusive evidence in respect of the population of a county. And in *O'Connell v. Sioux County,* 94 Neb. 826, we held, in an analogous case: "The latest general census of the federal government does not necessarily control. The salary of the county attorney for any year depends upon the number of inhabitants of the county during that year, and that fact is to be determined, as are other facts in litigation, by the best competent evidence that can be adduced under the circumstances. *State v. Long,* 17 Neb. 502; *Kokes v. State,* 55 Neb. 691; *State v. Davis,* 66 Neb. 333."

Defendants' counsel also points out that the plaintiff's demurrer admits the material facts, and that he is therefore bound by the decision of the board of supervisors the same as he would be bound by a decision of a court. 34 C. J. 1028, sec. 1459; 2 Wigmore, Evidence (2d ed.) sec. 1355.

A recognized authority points out that "any act by which the legislature attempts to exercise authority properly within the scope of the judicial power is unconstitutional and void." 12 C. J. 807, sec. 239.

In view of the facts and the law applicable thereto, we conclude that the judgment of the learned district court is right, and it is therefore, in all things,

AFFIRMED.

Note—See Constitutional Law, 12 C. J. 807 n. 84, 823 n. 27, 824 n. 30, 32—6 R.C.L. 158 et seq.