JAY J. SHAMBAUGH, APPELLEE, v. BUFFALO COUNTY, APPELLANT.

289 N. W. 873

FILED JANUARY 26, 1940. No. 30723.

*O. A. Drake*, for appellant.

*M. H. Worlock* and *I. D. Beynon, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an action to recover salary alleged to be due the plaintiff as a county officer. Judgment on the pleadings was rendered for the plaintiff. Defendant appeals.

The amended petition of the plaintiff alleges the legal organization of defendant county; that the plaintiff was elected county treasurer of defendant county for a term of four years commencing in January, 1931; that he duly qualified for said full term; that on December 12, 1916, and again on December (November) 19, 1924, the board of supervisors of defendant county adjudged and determined that the population of said county exceeded 25,000, which judgment remained in full force and effect from that time forth; that by statute the plaintiff was entitled to a salary in the sum of $3,000 per annum during the entire term of office; that he was paid a salary on said basis until July 1, 1931; that on July 15, 1931, the board of supervisors adopted a resolution to the effect that the population of said county was 24,318, and that the county officers be paid from said day as provided by law on the basis of said population; that, pursuant to said resolution, the plaintiff was thereafter paid a salary of $2,000 per annum; that a salary balance was due the plaintiff of $3,458.33 which had not been paid; that in an action commenced by this plaintiff in the district court for Buffalo county, and finally determined in this court on appeal, the action taken by the defendant's board of supervisors on July 15, 1931, purporting to find and adjudge that the population of Buffalo county was less than 25,000, was declared to be null and void (see *Sham-*

*baugh v. Buffalo County,* 133 Neb. 46, 274 N. W. 207) ; that plaintiff filed a claim against the defendant with its county clerk for said sum of $3,458.33, which claim was disallowed July 15, 1936; and that said action disallowing plaintiff's claim was appealed from. Plaintiff prayed for judgment against the defendant for said sum together with interest.

By amended answer, defendant alleges that the allegations of plaintiff's petition are insufficient to constitute a cause of action; admits its organization, the election of plaintiff as county treasurer, that he qualified for the full term, the payment of salary as alleged in the petition; and denies all other allegations except those specifically admitted and those not consistent with the allegations of the answer. Further answering, defendant alleges that any cause of action which plaintiff claims to have is barred by the statute of limitations; admits that the board of supervisors of defendant county adopted the resolutions of December 12, 1916, November 19, 1924, and July 15, 1931, as referred to in plaintiff's petition, and attaches copies thereof and incorporates them in the answer; admits the filing of the claim, its rejection and disallowance; and denies that it is indebted to the plaintiff in any amount. Further answering, the defendant alleges that the three resolutions set out constitute the only proceedings of any kind whereby the defendant ever attempted to fix or establish the population of the county; that each resolution is void because it fails to disclose personal notice to any one, or published notice in any form, of a private or public meeting, or to disclose that any officer whose compensation was at stake appeared, or to disclose the name of the supervisors, or to disclose the presence of a quorum. Further answering, defendant alleged that, during the four years previous to the plaintiff's term commencing in January, 1931, the defendant's board of supervisors did not ascertain or determine the number of inhabitants of defendant county for classifying and fixing compensation of officers, and that during each of the years, 1930 to 1934, inclusive, there were less than 25,000 inhabitants in Buffalo county.

Further answering, defendant alleges that, subsequent to the resolution of July 15, 1931, the plaintiff continued to perform his duties, received the reduced salary, that not until he filed his claim, did the plaintiff object or protest the amounts paid to and received by him, and that the plaintiff is now estopped to question or challenge the validity of said proceedings or claim any further amounts to be now due him.

By way of cross-petition, defendant alleged a loss of county money because of deposit in a bank that subsequently failed. (The issues presented by this cross-petition are not involved in this appeal.) Defendant prayed that plaintiff's petition be dismissed, that it have and recover from the plaintiff the sum so alleged to be lost and costs.

Plaintiff replying denies all allegations of the answer; denies that the resolutions adopted in 1916 and 1924 are void; and alleges that both of said resolutions have been involved in previous litigation in which the defendant was a party, to wit: *Buffalo County v. Bowker*, 111 Neb. 762, 197 N. W. 620, and *Gordon v. Lowry*, 116 Neb. 359, 217 N. W. 610; that it was therein adjudged and determined that said resolutions were valid and constituted a legal determination of the population of defendant county; that the validity of said resolutions is *res judicata* as to defendant county; that in *Shambaugh v. Buffalo County, supra,* the defendant county alleged it had previously been determined by the board of supervisors of defendant that the population of said county exceeded 25,000 in number and that salaries were paid pursuant thereto; that in the case of *Gordon v. Lowry, supra,* the defendant alleged that, on November 19, 1924, the board of supervisors of defendant county investigated and determined that the defendant county had a population exceeding 25,000, and that these allegations constitute judicial admissions conclusive upon the defendant as to the validity of the determination of population in the resolutions of 1916 and 1924. The plaintiff denied that during the years 1930 to 1934 there were less than 25,000 inhabitants in Buffalo county, and alleged that,

by reason of the determination in the resolutions of 1916 and 1924, the population had been determined at over 25,000 during said years; that said resolutions were in full force and effect during plaintiff's term of office; that the plaintiff was entitled to a salary of $3,000 per annum as fixed by statute, and that he was entitled to recover said salary by virtue of section 3, article I, and section 19, article III of the Constitution. Plaintiff further answered as to defendant's cross-petition.

Plaintiff moved for judgment on the pleadings "as to plaintiff's amended petition, defendant's amended answer, and plaintiff's reply." The trial court found that, "upon the statements contained in plaintiff's amended petition, the amended answer of the defendant, and plaintiff's reply, the plaintiff is entitled by law to judgment in his favor herein for * * * $4,344.52." A jury was waived as to the issues made by the cross-petition, trial was had to the court, and a finding made that there was due the defendant from the plaintiff the sum of $1,497.88. Judgment was rendered for the plaintiff in the sum of $2,846.64 and costs.

Defendant's motion for a new trial was overruled.

The applicable statute fixing the salary of a county treasurer is as follows: "In counties having more than six thousand five hundred population and less than twenty-five thousand population, the county treasurer shall be entitled to receive the sum of two thousand dollars per annum * * *; in counties having more than twenty-five thousand population and less than sixty thousand population the county treasurer shall be entitled to receive the sum of three thousand dollars per annum. * * * No county treasurer shall be entitled to draw (in) any one month more than one-twelfth of the total annual compensation provided for himself * * *." Comp. St. 1929, sec. 33-131.

By the provisions of the foregoing statute, the plaintiff was entitled to receive an annual salary, the amount of which depended upon the population of defendant county during each year that plaintiff served as county treasurer.

The amount of salary does not depend upon what the population previously had been, nor upon what it subsequently might be.

In *O'Connell v. Sioux County*, 94 Neb. 826, 144 N. W. 779, this court said: "The salary of the county attorney for any year depends upon the number of inhabitants of the county during that year, and that fact is to be determined, as are other facts in litigation, by the best competent evidence that can be adduced under the circumstances." Applying that language to the instant case: The salary of the county treasurer for any year depends upon the number of inhabitants of the county during the year, and that fact is to be determined, as are other facts in litigation, by the best competent evidence that can be adduced under the circumstances. See, also, *Buffalo County v. Bowker, supra.*

By moving for a judgment on the pleadings, plaintiff admits the facts well pleaded by the defendant. *Abrahams v. Studebaker Corporation*, 113 Neb. 721, 204 N. W. 786.

The affirmative allegations of the answer are: (1) Bar by the statute of limitations; (2) that the resolutions of 1916, 1924, and 1931 are void, and that the population had not been otherwise determined; (3) that from 1930 to 1934 the population was less than 25,000; (4) estoppel of the plaintiff by the acceptance of the reduced salary without objection or protest.

Plaintiff contends that the findings and determination of the board of supervisors of defendant county made in 1916 and 1924 were judicial determinations of population, not subject to collateral attack, and are conclusive as to those to whom they apply until set aside or vacated by the board, or some other forum of competent jurisdiction, in a direct proceeding instituted for that purpose (see *Buffalo County v. Bowker, supra*) ; and that the defendant is making a collateral attack thereon. Defendant contends that the orders of 1916 and 1924 are void for want of jurisdiction and subject to the attack here made.

We do not find it necessary to decide the above question. Assuming, but not deciding, that plaintiff's theory is cor-

rect, and that the 1916 and 1924 resolutions are in full force and effect, it does not follow that plaintiff was entitled, as a matter of law, to judgment on the pleadings.

Defendant's answer specifically presented the issue of the population of defendant county from 1930 to 1934, inclusive. It alleged "that during each of the years of 1930, 1931, 1932, 1933 and 1934 there were respectively less than 25,000 inhabitants in Buffalo county." The December 12, 1916, resolution declared that the population of defendant county on November 7, 1916, "did and now does exceed the number of twenty-five thousand inhabitants." The resolution of November 19, 1924, declared that the population of defendant county "then (November 1, 1924) and now does exceed the number of 25,000 inhabitants." The most that can be claimed for the resolutions of 1916 and 1924 is that they determine the population as of those dates. They are not judicial determinations of what the population will be at some future date. A conclusive determination of the population as of 1916 and 1924 is not a conclusive determination of the population as of 1930 to 1934. We cannot close our minds to the obvious fact that populations in counties increase and decrease from many causes—change in number is constant. Obviously, over a period of years there will be change in the population of defendant county.

The changing status of population has been recognized throughout our decisions. In *Shambaugh v. Buffalo County, supra,* this court in discussing the 1931 resolution said: "For anything appearing in the record, plaintiffs may have been ready, able and willing to prove conclusively that numbers sufficient to increase the population far beyond 25,000 became residents of Buffalo county after the census was taken and before the resolution was adopted, thus showing the fact to be contrary to the recital therein." Applying the above language to the instant case, for anything appearing in the record, defendant may have been ready, able and willing to prove conclusively that numbers sufficient to decrease the population far below 25,000 had ceased to be residents of Buffalo county after the resolutions of

1916 and 1924 were passed, thus showing the fact to be contrary to the recital therein. See, also, *Kokes v. State,* 55 Neb. 691, 76 N. W. 467; *State v. Long,* 17 Neb. 502, 23 N. W. 337. (The above statement must not be construed as a determination of the question of where the burden of proof rests. That matter is not before us.)

There is then no judicial determination by the board of supervisors, or other forum, of the population of the defendant county for the years in question. The matter then becomes a question of fact to be determined the same as other fact questions. *Gordon v. Lowry, supra; Kokes v. State, supra; State v. Long, supra.*

There is no conflict in the conclusion here reached with that in *Buffalo County v. Bowker, supra.* There, compensation was fixed upon the basis of the population as determined by the 1916 resolution. But this court there pointed out: "Since that date, up to and including the year 1920, the county board allowed all officers of the county to retain fees and salaries based upon a population of 25,000, and has fixed salaries of deputies and clerks in county offices based upon such population." There the county board had recognized a continuing population of 25,000 down to and including 1920, and this court accepted that recognition as establishing the fact of population as of 1920. In the instant case, the county board have not so recognized the population figure there determined for the years 1932, 1933, and 1934.

Neither does this conflict with the holding in *Gordon v. Lowry, supra,* for there the defendant by answer alleged that the defendant county "had a population of more than 24,000, ever since prior to November 1, 1924, and now has a population exceeding 24,000." (Quote taken from the transcript.) That allegation was admitted by the plaintiff's demurrer.

It follows that the trial court erred in sustaining the plaintiff's motion for judgment on the pleadings. Other matters presented need not now be determined.

REVERSED.